Tom Chen (CA SBN 184843)
**MACPHERSON KWOK CHEN & HEID, LLP**
18200 Von Karman, Suite 725
Irvine, CA 92612
Tel: 949.752.7040
Fax: 949.752.7049
Email: tchen@macpherson-kwok.com

Clark S. Stone (CA SBN 202123)
Jason M. Gonder (CA SBN 257522)
**MACPHERSON KWOK CHEN & HEID, LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110
Tel: 408.392.9250
Fax: 408.392.9262
Email: cstone@macpherson-kwok.com
       jgonder@macpherson-kwok.com

Werner A. Powers (*pro hac vice* pending)
R. Thaddeus Behrens (CA SBN 196322)
**HAYNES AND BOONE, LLP**
2323 Victory Ave, Suite 700
Dallas, TX 75219
Tel: 214.651.5000
Fax: 214.200.0672
E-mail: werner.powers@haynesboone.com
        thad.behrens@haynesboone.com

Attorneys for Defendants
HIGHLAND CAPITAL MANAGEMENT, L.P.
HIGHLAND CRUSADER PARTNERS, L.P.
HIGHLAND CREDIT STRATEGIES, L.P.
NEXBANK, SSB

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. DANZI, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership, HIGHLAND CRUSADER PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES, L.P., a Bermuda limited partnership; NEXBANK, SSB, a Texas chartered savings bank,<br>    Defendants. | **Case No. SA CV 09-0039 CJC (RNBx)**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    March 2, 2009<br>Time:    1:30 p.m.<br>Place:   Courtroom 9B, Santa Ana<br>Before:  Hon. Cormac J. Carney |

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), Defendants NexBank, SSB ("NexBank"), Highland Capital Management, LP ("Highland Capital"), Highland Crusader Partners, LP ("Crusader"), and Highland Credit Strategies, LP ("Credit Strategies") (collectively, "Defendants") file this Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Dismiss for Improper Venue.

## I.  SUMMARY

On January 8, Defendant NexBank, a Texas resident, emailed a notice of default under the Credit Agreement attached to Plaintiff Michael R. Danzi's ("Plaintiff") Complaint. In reaction to the looming litigation, Plaintiff filed this lawsuit on January 9 and hoped to deprive NexBank – the real plaintiff – of its choice of forum. Plaintiff's hastily filed lawsuit was an ill-conceived attempt to do an end run around the venue selection provision giving NexBank the right to sue Plaintiff in Texas. *See* Compl. Ex. 2 at 9.16(a). If a party is going to rush to the courthouse, it is best to choose one that has jurisdiction and venue. It also helps to have a cognizable claim for relief.

Plaintiff's Complaint did not even attempt to allege any basis for personal jurisdiction over any Defendant. As to venue, Plaintiff tried to shoehorn this diversity case into a venue provision that applies only to federal question claims. Under the correct venue provision, it is apparent that venue does not lie in this Court, but rather in the Dallas Division of the Northern District of Texas, where all Defendants reside and where the claim, if any, arose. And, indeed, Plaintiff has no cognizable claim under applicable law at all—but that issue is for another day. Summary judgment awaits Plaintiff when, if ever, his purported claims are brought before a court with jurisdiction and proper venue.

Plaintiff bears the burden to plead and prove that both personal jurisdiction and venue are proper in California. Plaintiff has not satisfied and cannot satisfy this

1

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**                                                    SA CV 09-0039 CJC (RNBx)

burden.  This Court should dismiss Plaintiff's claims against Defendants for lack of personal jurisdiction and improper venue.

## II.   RELEVANT FACTS

1.   As alleged in Plaintiff's Complaint, Defendants were formed and operate outside of California.  *See* Compl. at ¶¶ 1-5, 7.

2.   All Defendants reside in the Northern District of Texas.  Highland Capital is a Delaware limited partnership with its principal place of business in Dallas, Texas.  *Id*. at ¶ 2.  Crusader and Credit Strategies are both Bermuda limited partnerships with their principal places of business in Dallas, Texas.  *Id*. at ¶¶ 3-4.  NexBank is a Texas company with its principal place of business in Dallas, Texas.  *Id*. at ¶ 5.

3.   Plaintiff makes no effort to allege personal jurisdiction, and the exhibits to the Complaint negate jurisdiction.  Plaintiff attaches two exhibits to his Complaint: (1) the Limited Liability Company Operating Agreement (the "Operating Agreement") of Legacy Pharmaceuticals International, LLC ("Legacy") and (2) the Credit Agreement between Legacy, Legacy Pharmaceuticals International GmbH, Highland Financial Corporation, and NexBank (the "Credit Agreement").  *See* Compl. Ex. 1 and 2.

4.   The Credit Agreement has no connection to California.  None of the parties to the Credit Agreement were incorporated or organized in California, and none are based in California.  Compl. Ex. 2 at p.1.  Plaintiff signed the Credit Agreement and related agreements in Dallas, Texas.  Further, according to the Credit Agreement, the terms of the Credit Agreement are to be construed in accordance with Texas law.  *Id*. at Sect. 9.15.

5.   The subject of the Operating Agreement – Legacy – is a Delaware limited liability company in which Plaintiff, Crusader, and Credit Strategies are all members.  Compl. at ¶ 9. According to the Operating Agreement, Legacy's

2

1  principal place of business is in Basel, Switzerland. Compl. Ex. 1 at Sect. 1.4. The
2  Operating Agreement also provides that its terms shall be construed in accordance
3  with Delaware law. *Id*. at Sect. 13.10.
4      6.   Finally, the Credit Agreement contemplates that litigation relating to
5  the agreement be brought in Texas courts. *Id*. at Sect. 9.16.
6      7.   Since all Defendants reside in Texas, all material acts occurred in
7  Texas, and Plaintiff does not have and has not alleged a basis for personal
8  jurisdiction or venue in California, both personal jurisdiction and venue are lacking
9  in this Court.

## III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.   Jurisdictional Standards.

Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal of an action based on "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)(2). In response to such a motion, the plaintiff, as the party invoking the court's jurisdiction, bears the burden of establishing the necessary jurisdictional facts, such as the existence of "minimum contacts" between each of the defendants and the forum state. *Bowen v. Lancaster*, No. CV 08-00159 CJC (RNBx), 2008 U.S. Dist. LEXIS 39423, * 4 (C.D. Cal. April 30, 2008) (internal citations omitted). Importantly, the plaintiff must **plead** allegations that will support a court's personal jurisdiction over **each defendant**. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."); *Alperin v. Vatican Bank*, 410 F.3d 532, 539 n.1 (9th Cir. 2005) (noting that a complaint's bare bones allegations regarding personal jurisdiction will not support a court's exercise of personal jurisdiction);[1] *Calder v.*

---

[1] Both Federal Rule of Civil Procedure 8 and Local Rule 8-1 also require that the basis for the exercise of jurisdiction by the court must be plainly stated in any document invoking the court's jurisdiction. Plaintiff's Complaint addresses the

3

*Jones*, 465 U.S. 783, 790 (1984) (noting that personal jurisdiction over each defendant must be analyzed individually). Dismissal of a lawsuit for lack of personal jurisdiction is proper where a plaintiff's complaint fails to allege facts supporting the exercise of personal jurisdiction. *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (upholding the dismissal of a lawsuit for lack of personal jurisdiction where factual allegations supporting personal jurisdiction were absent from the complaint).

In the absence of the traditional bases for jurisdiction – such as in-state physical presence or consent to jurisdiction – the Due Process Clause requires that each non-resident defendant must have sufficient "minimum contacts" with the forum state, "such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1199 (C.D. Cal. 2000) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). For there to be "minimum contacts" such that the court can properly exercise personal jurisdiction over a defendant, the plaintiff must establish and allege facts supporting the existence of either general or specific jurisdiction over that defendant. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (noting that for general jurisdiction to exist over a non-resident defendant, the defendant must have contacts with the forum state that are "continuous and systematic"; indicating that such contacts must be so broad that they take the place of physical presence as the basis for jurisdiction); *see also Callaway Golf Corp.*, 125 F. Supp. 2d at 1199 (noting that specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum).

---

basis for the Court's exercise of diversity jurisdiction but is silent regarding personal jurisdiction. Plaintiff's Complaint therefore fails to comply with either rule and does not adequately plead facts justifying the exercise of personal jurisdiction over any Defendant.

4

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**     SA CV 09-0039 CJC (RNBx)

**B.      Plaintiff has not alleged any basis for this Court's exercise of personal jurisdiction.**

Plaintiff's Complaint reveals no facts warranting this Court's exercise of general or specific jurisdiction over any Defendant. Plaintiff has not alleged the existence of continuous and systematic contacts in this forum or that any conduct by any Defendant was purposefully directed toward this forum. To the contrary, Plaintiff's vague allegations, at best, contend that three Texas residents (Crusader, Credit Strategies, and Highland Capital) instructed another Texas company (NexBank) to "disregard" its alleged commitments to Delaware and/or Swiss companies (Legacy). Compl. at ¶¶ 2-5, 9-10, 26. In any event, Plaintiff's bare bones allegations cannot satisfy the constitutional requirements for asserting personal jurisdiction over any of the Defendants. As a result, Plaintiff's claims against Defendants should be dismissed.

## IV.      IN THE ALTERNATIVE, MOTION TO DISMISS FOR IMPROPER VENUE

Even if this Court could exercise personal jurisdiction over Defendants, the case should be dismissed for improper venue. First, Plaintiff improperly pleads venue in this diversity case by referring to the venue provision applicable to federal question claims. Second, even if Plaintiff had cited the correct venue provision – 28 U.S.C. § 1391(a) – the Complaint does not allege facts supporting venue in the Central District of California. Where a court determines venue to be improper, the court shall dismiss the case or transfer the case to a district in which it could have been brought. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a); *see also Johnson v. Payless Drug Stores NW, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991) (noting that the court has discretion to decide whether to dismiss or transfer the action).[2]

---

[2] In the event the Court opts to transfer the pending litigation pursuant to 28 U.S.C. § 1406(a), Defendants request that the litigation be transferred to the Northern District of Texas, Dallas Division.

**A.   Plaintiff directs the Court to an inapplicable provision of the general venue statute.**

Plaintiff's Complaint cites an irrelevant venue statute. According to Plaintiff, "[v]enue is proper in this Judicial District under 28 U.S.C. § 1391(b)…." Compl. at ¶ 8. But Plaintiff's Complaint is based solely on diversity. Therefore, § 1391(b) is inapplicable. As pled by Plaintiff, venue is improper in California. Plaintiff's claims should be dismissed.

**B.   Venue is not proper in this Court under the correct venue provision.**

Under the correct venue provision, venue is not proper in this Court. In federal actions based solely on diversity, venue is governed by 28 U.S.C. § 1391(a), which provides that venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction, but only if there is no district in which the action may otherwise be brought. Under Plaintiff's own allegations, venue properly lies in the Northern District of Texas, not in this Court, because all of the Defendants reside in that forum and because the substantial part of the alleged events giving rise to Plaintiff's purported claims occurred in Texas.

## V.   PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court dismiss all claims against them and grant them such other and further relief to which they are justly entitled.

6

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**                            **SA CV 09-0039 CJC (RNBx)**

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED: January 29, 2009 | MacPHERSON KWOK CHEN & HEID LLP |
| 3 | | By  /s/ Clark Stone |
| 4 | | Clark S. Stone |
| 5 | | Attorneys for Defendants |
| | | HIGHLAND CAPITAL MANAGEMENT, L.P. |
| 6 | | |
| 7 | | HIGHLAND CRUSADER PARTNERS, L.P. |
| | | HIGHLAND CREDIT STRATEGIES, L.P. |
| 8 | | NEXBANK, SSB |

7