Tom Chen (CA SBN 184843)
**HAYNES AND BOONE, LLP**
18200 Von Karman, Suite 725
Irvine, CA 92612
Tel: 949.752.7040
Fax: 949.752.7049
Email: tom.chen@ haynesboone.com

Clark S. Stone (CA SBN 202123)
Jason M. Gonder (CA SBN 257522)
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110
Tel: 408.392.9250
Fax: 408.392.9262
Email: clark.stone@haynesboone.com
       jason.gonder@ haynesboone.com

Werner A. Powers (*pro hac vice* pending)
R. Thaddeus Behrens (CA SBN 196322)
**HAYNES AND BOONE, LLP**
2323 Victory Ave, Suite 700
Dallas, TX 75219
Tel: 214.651.5000
Fax: 214.200.0672
E-mail: werner.powers@haynesboone.com
        thad.behrens@haynesboone.com

Attorneys for Defendants
HIGHLAND CAPITAL MANAGEMENT, L.P.
HIGHLAND CRUSADER PARTNERS, L.P.
HIGHLAND CREDIT STRATEGIES, L.P.
NEXBANK, SSB

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. DANZI, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership;<br>HIGHLAND CRUSADER PARTNERS, L.P., a Bermuda limited partnership;<br>HIGHLAND CREDIT STRATEGIES, L.P., a Bermuda limited partnership;<br>NEXBANK, SSB, a Texas chartered savings bank,<br>    Defendants. | **Case No. SA CV 09-0039 CJC (RNBx)**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**[FED. R. CIV. P. 12(B)(2) & 12(B)(3)]**<br><br>Date:    March 2, 2009<br>Time:   1:30 p.m.<br>Place:  Courtroom 9B<br>Before: Hon. Cormac J. Carney |

**TABLE OF CONTENTS**

**Page**

I.  SUMMARY .................................................................................... 1

II. ARGUMENT .................................................................................. 2

    A.  PLAINTIFF'S COMPLAINT DOES NOT SUPPORT THIS COURT'S EXERCISE OF PERSONAL JURISDICTION. ............................................................................. 2

    B.  THE FACTS ALLEGED IN PLAINTIFF'S OPPOSITION ARE INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANTS ................................... 3

        1.  DEFENDANTS ARE NOT SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA .............. 4

        2.  DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA ................................... 8

    C.  VENUE IS NOT PROPER IN THIS COURT ........................... 11

        1.  VENUE IS NOT PROPER UNDER § 1391(A)(1) ............. 11

        2.  VENUE IS NOT PROPER UNDER § 1391(A)(2) ............. 12

    D.  PLAINTIFF'S REQUEST THAT THE MOTION BE DENIED BECAUSE OF A DEFICIENT MEET AND CONFER SHOULD BE REJECTED ......................................... 13

III. PRAYER FOR RELIEF ................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Alperin v. Vatican Bank*,
410 F.3d 532, 539 n.1 (9th Cir. 2005) ..................................................................................3

*Amini Innovation Corp. v. JS Imps., Inc.*,
497 F. Supp. 2d 1093, 1101 (C.D. Cal. 2007) ......................................................................9

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
1 F.3d 848, 851 n.3 (9th Cir. 1993) ......................................................................................8

*Birzer v. Jockey's Guild, Inc.*,
444 F. Supp. 2d 1005, 1009 (C.D. Cal. 2006) ......................................................................8

*Bowen v. Lancaster*,
No. 08-CV-159 CJC (RNBx), 2008 U.S. Dist. (C.D. Cal. Apr. 30, 2008) .................9

*Butcher's Union Local No. 498 v. SDC Invest., Inc.*,
788 F.2d 535, 540 (9th Cir. 1986) ........................................................................................3

*Calder v. Jones*,
465 U.S. 783, 789-90 (1984) ................................................................................................4

*Callaway Golf Corp. v. Royal Canadian Golf Assn.*,
125 F. Supp. 2d 1194, 1199 (C.D. Cal. 2000) ......................................................................4

*Casualty Assur. Risk Ins. Brokerage Co. v. Dillon*,
976 F.2d 596, 599 (9th Cir. 1992) ........................................................................................5

*Core-Vent v. Noble Indust.*,
11 F.3d 1482, 1486 (9th Cir. 1993) ......................................................................................4

*Denver & Rio Grande Western Railroad Co v. Brotherhood of Railroad Trainmen*,
387 U.S. 556 (1967)............................................................................................................12

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*,
907 F.2d 911, 913 (9th Cir. 1990) ......................................................................................11

*Fitzgerald v. City of Los Angeles*,
485 F. Supp. 2d 1137, 1140 (C.D. Cal. 2007) ....................................................................14

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*,
284 F.3d 1114, 1123 (9th Cir. 2002) ....................................................................................6

*Good v. Fuji Fire and Marine Ins. Co., Ltd.*,
No. 08-CV-03944 DDP (AGRx), 2008 U.S. Dist. (C.D. Cal. Sept. 23, 2008) .........10

*Gulf Ins. Co. v. Glasbrenner*,
417 F.3d 353 (2nd Cir. 2005) .............................................................................................12

*Hanson v. Denckla*,
357 U.S. 235, 253 (U.S. 1958) .............................................................................................9

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408, 416 (1984)......................................................................................................8

*In re Wireless Facilities, Inc.*,
562 F. Supp. 2d 1098, 1106-07 (S.D. Cal. 2008) .................................................................3

*Kelly v. Exhols*,
No. 05-CV-118 AWI (SMS), 2005 U.S. Dist. (E.D. Cal. Aug. 30, 2005) ................11

*Klimenko v. Russian-American Company Sovitek & Sobor Corp.*,
No. 01-CV-03342 WHA, 2002 U.S. Dist. (N.D. Cal. Nov. 25, 2002) ........................ 3

*McCarty v. Grguric*,
No. 06-CV-0526 OWW (LJO), 2006 U.S. Dist. (E.D. Cal. May 16, 2006) ............. 3

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802, 816-17 (9th Cir. 1988) ........................................................................ 5

*Mitchell v. Metro. Life Ins. Co.*,
No. 05-CV-00810 DDP (RNBx), 2008 U.S. Dist. (C.D. Cal. Apr. 7, 2008) ........... 14

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait*,
757 F.2d 1058, 1064 (9th Cir. 1985) ......................................................................... 7

*Peterson v. Kennedy*,
771 F.2d 1244, 1262 (9th Cir. 1985) ......................................................................... 5

*Rocke v. Canadian Auto. Sport Club*,
660 F.2d 395, 397-99 (9th Cir. 1981) ...................................................................... 10

*Rugroden v. State Bank of Park Rapids*,
No. 08-CV-1964 JF (RS), 2008 U.S. Dist. (N.D. Cal. Sept. 30, 2008) ..................... 5

*Schwarzenegger v. Fred Martin Motor Co.*,
373 F.3d 797, 803 (9th Cir. 2004) ............................................................................. 5

*Swartz v. KPMG LLP*,
476 F.3d 756, 766 (9th Cir. 2007) ............................................................................. 2

*Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*,
614 F.2d 1247, 1254 (9th Cir. 1980) ....................................................................... 10

*TPS Utilicom Servs. v. AT&T Corp.*,
223 F. Supp. 2d 1089, 1104 (C.D. Cal. 2002) .......................................................... 4

**Other Authorities**

28 U.S.C. § 1391(a) ..................................................................................................... 11
28 U.S.C. § 1391(a)(2) ................................................................................................. 12
28 U.S.C. §1391(a)(1) .................................................................................................. 12

**Rules**

FED. R. CIV. P. 15(a)(1)(A) .......................................................................................... 14

Defendants NexBank, SSB ("NexBank"), Highland Capital Management, LP ("Highland Capital"), Highland Crusader Partners, LP ("Crusader"), and Highland Credit Strategies, LP ("Credit Strategies") (collectively, "Defendants") file this Reply in Support of their Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Dismiss for Improper Venue.

## I.   SUMMARY

Plaintiff Michael Danzi's ("Plaintiff") Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (the "Opposition") is littered with mischaracterizations of the facts and the law but cannot overcome his glaring failure to plead a basis for personal jurisdiction and venue in this Court.

Although Plaintiff baldly asserts that pleading facts demonstrating a basis for personal jurisdiction is not required, he completely ignores the on-point Ninth Circuit authority cited in the Motion to Dismiss that expressly holds otherwise. Moreover, Plaintiff's attempt to mask the deficiencies in his allegations by proffering a declaration outside the pleadings does not cure the problem. Plaintiff attempts through these unpled facts to establish that specific jurisdiction exists because the case purportedly arises from the formation of Legacy Pharmaceuticals International, LLC ("Legacy"), which maintains an office in California. Plaintiff, however, overlooks that Legacy is a Delaware limited liability company with a principal place of business in Switzerland that ***is not even registered to do business in California***. And while Plaintiff's declaration also attempts to cobble together a number of other "contacts" with California such as the situs of Legacy's books and records and bank accounts, none are sufficient to confer specific or general jurisdiction over Defendants under applicable Ninth Circuit law.

Likewise deficient is Plaintiff's effort to establish venue in this Court. Plaintiff argues that all Defendants should be deemed to reside in California because they are subject to personal jurisdiction there, but this argument is based on a

1

**REPLY IN SUPPORT OF MOTION TO DISMISS**   SA CV 09-0039 CJC (RNBx)

1  misreading of the venue statute and also fails because Plaintiff has not pled a basis
2  for personal jurisdiction.  Moreover, Plaintiff's argument that a substantial part of
3  the events giving rise to the claim occurred in this District because he allegedly
4  "felt" the harm from Defendants' alleged misconduct in this District fails as well.
5  Under Plaintiff's own allegations, the alleged "harm" in this case arose when two
6  Texas residents (Crusader and Credit Strategies) instructed another Texas resident
7  (NexBank) not to honor loan commitments allegedly owed to Legacy, which as
8  discussed above, is not a California resident.  Plaintiff does not explain what harm
9  he could have suffered from this circumstance.

10        Because Plaintiff has not satisfied his burden to plead and prove personal
11 jurisdiction and venue, his Complaint should be dismissed.

## II.     ARGUMENT

**A.    Plaintiff's Complaint does not support this Court's exercise of personal jurisdiction.**

Plaintiff's Complaint is inadequate and does not contain facts supporting the exercise of personal jurisdiction over Defendants.  In his Opposition, Plaintiff attempts to wiggle out his pleading requirements.  But the Opposition's focus on the requirements contained in Federal Rule of Civil Procedure 8(a) is misguided and ignores the three Ninth Circuit opinions cited in the Motion to Dismiss.  It is undisputed that ***Plaintiff bears the burden*** to establish personal jurisdiction.  Further, the Ninth Circuit and California District Courts have made it clear that a plaintiff's complaint must contain more than bare bones allegations of personal jurisdiction.  Rather, a plaintiff ***must plead*** sufficient factual allegations regarding a non-resident defendant's contacts with the forum before the court may assert personal jurisdiction.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's

2

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                    SA CV 09-0039 CJC (RNBx)

pleading burden."); *Alperin v. Vatican Bank*, 410 F.3d 532, 539 n.1 (9th Cir. 2005) (noting that a complaint's bare bones allegations regarding personal jurisdiction will not support a court's exercise of personal jurisdiction); *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (upholding the dismissal of a lawsuit for lack of personal jurisdiction where factual allegations supporting personal jurisdiction were absent from the complaint); *In re Wireless Facilities, Inc.*, 562 F. Supp. 2d 1098, 1106-07 (S.D. Cal. 2008) (dismissing the plaintiff's claims as a result of plaintiff's failure to cure the complaint's deficiencies in pleading personal jurisdictional facts); *McCarty v. Grguric*, No. 06-CV-0526 OWW (LJO), 2006 U.S. Dist. LEXIS 29896, *11 (E.D. Cal. May 16, 2006) (recommending dismissal of action where the complaint failed to allege facts to support personal jurisdiction over the defendant); *Klimenko v. Russian-American Company Sovitek & Sobor Corp.*, No. 01-CV-03342 WHA, 2002 U.S. Dist. LEXIS 23293, *2-4 (N.D. Cal. Nov. 25, 2002) (dismissing the plaintiff's claim where the complaint failed to plead sufficient factual allegations supporting the exercise of personal jurisdiction). Plaintiff's Complaint falls well short of the pleading standards established by the Ninth Circuit and fails to allege any basis for this Court's exercise of personal jurisdiction over Defendants. *See* MTD Sect. III.B. As a result of Plaintiff's failure to meet his pleading burden, Plaintiff's claims against Defendants should be dismissed.

**B.     The facts alleged in Plaintiff's Opposition are insufficient to establish personal jurisdiction over Defendants.**

Even if this Court looks beyond the Complaint for allegations of Defendants' contacts with California, Plaintiff's claims must still be dismissed. The "contacts" with California alleged in Plaintiff's Opposition do not warrant the exercise of personal jurisdiction over Defendants.

3

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                                                                       SA CV 09-0039 CJC (RNBx)

**1.   Defendants are not subject to specific jurisdiction in California.**

Plaintiff's primary argument is that Defendants are subject to specific jurisdiction, but Plaintiff has not and cannot satisfy the test for the exercise of specific jurisdiction over Defendants. Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. *Callaway Golf Corp. v. Royal Canadian Golf Assn.*, 125 F. Supp. 2d 1194, 1199 (C.D. Cal. 2000). The Ninth Circuit has established a three-factor test for determining when a court may constitutionally exercise specific jurisdiction over a defendant: (1) the non-resident defendant must do some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the claim must arise out of or result from the defendant's forum-related activity; and (3) the exercise of jurisdiction must be reasonable. *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1104 (C.D. Cal. 2002).

**a.   Plaintiff has not and cannot allege facts satisfying the purposeful availment prong.**

In a tort action, the plaintiff can satisfy the purposeful availment prong of the test for specific jurisdiction by showing that the defendant undertook activities outside of the forum that are both ***aimed at and have their primary effect in*** the forum state. *Callaway Golf Corp.*, 125 F. Supp. 2d at 1200 (*citing Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). The defendant's conduct is evaluated under the "effects" test, which requires a showing that the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) that caused harm, "'the brunt of which is suffered – and which the defendants knows is likely to be suffered – in the forum state.'" *Id.* (*quoting Core-Vent v. Noble Indust.*, 11 F.3d 1482, 1486 (9th Cir. 1993)). Allegations of harm suffered by a plaintiff in the forum state are insufficient to establish personal jurisdiction over a defendant. *See Casualty Assur. Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 599 (9th Cir.

4

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                                        SA CV 09-0039 CJC (RNBx)

1992) (rejecting the idea that jurisdiction lies wherever the plaintiff resides and thus wherever the harm is felt). Rather, a defendant's conduct must be ***expressly aimed*** at the state in which the harm occurred to give rise to personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 373 F.3d 797, 803 (9th Cir. 2004). Letters, telephone calls, or other similar communications directed to the forum state "fall short of purposeful activity invoking the benefits and protection of the forum state." *Rugroden v. State Bank of Park Rapids*, No. 08-CV-1964 JF (RS), 2008 U.S. Dist. LEXIS 84920, *8 (N.D. Cal. Sept. 30, 2008) (*citing Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)).

Plaintiff devotes one sentence to his purposeful availment argument: "[I]n the Delaware Action, Defendants Highland Crusader and Highland Credit Strategies allege that all wrongdoing underlying their claims against Plaintiff in connection with the operation of Legacy occurred in Orange County, California." Opp. at 10:16-19. Tellingly, Plaintiff neglects to include a cite for the bold statement. But even if taken as true, this allegation proves nothing more than that ***Plaintiff*** engaged in wrongdoing in California. *See also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816-17 (9th Cir. 1988) (holding that the purposeful availment prong was not met because the plaintiff engaged in unilateral activity that could not confer jurisdiction over the defendant). Plaintiff has not identified the intentional act by Defendants and has not identified the harm he allegedly suffered. Plaintiff has not identified and cannot identify any conduct by ***Defendants*** that was aimed at the forum or that had a significant impact in the forum. As a result, Plaintiff cannot satisfy this first prong of the jurisdictional test.

      **b.**      **Plaintiff has not and cannot establish that his claims arise out of Defendants' forum-related activities.**

There is no connection between Plaintiff's claims and Defendants' alleged contact with the forum. For the Court to exercise specific jurisdiction over the

5

1  Defendants, Plaintiff must show that his claims arose out of or resulted from
2  Defendants' forum-related activities.  To do this, Plaintiff must show that "but for"
3  Defendants' contacts with the forum state, Plaintiff's claims would not have arisen.
4  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114,
5  1123 (9th Cir. 2002).

6  Plaintiff ignores this prong of the test entirely.  Plaintiff alleges a variety of
7  contacts with California but fails to plead or explain how his claims arose out of
8  those contacts.  The majority of the contacts alleged by Plaintiff relate to non-party
9  companies that are not incorporated in California and not registered in California.
10 Indeed, the purported "fiduciary duties" on which Plaintiff sues arise from the fact
11 that Plaintiff and Defendants are both investors in what they agreed was a Delaware
12 limited liability company with a principal place of business in Basel, Switzerland
13 that is not even registered to do business in California.  Declaration of Lacy M.
14 Lawrence ("Lawrence Decl.") at ¶ 2 & Tab 1, attached hereto at <u>Exhibit "A."</u>[1]
15 Moreover, several of the alleged contacts with California occurred well before the
16 claims arose.  *See, e.g.,* Opp. at 4:3-9 (alleging that the initial amount of the loan
17 proceeds as well as the initial capital contributions made to Legacy were deposited
18 into an account maintained by Legacy in California).  Others occurred or will occur
19 after the claims arose and after litigation was filed.  *See, e.g.,* Opp. at 10:3-6
20 (directing the Court to correspondence sent after the litigation had been filed); *see*
21 *also* Opp. at 10:12-14 (alleging that any attempts to levy on Plaintiff's pledge would
22 have to occur in California).  As Plaintiff has not established a California-related
23 "but for" cause of Plaintiff's claims, Plaintiff's claims must be dismissed.

---

[1] Pursuant to FED. R. EVID. 201, Defendants request that the Court take judicial notice of the fact that neither Legacy nor Legacy GmbH is registered to conduct business in California.

6

### c. The exercise of personal jurisdiction over Defendants would be unreasonable.

Even if this Court concludes that Plaintiff has satisfied the first two prongs of the test, Plaintiff's claims must still be dismissed because the exercise of personal jurisdiction would be unreasonable. The Ninth Circuit considers seven factors to determine whether a court's exercise of personal jurisdiction over a particular defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant in litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1064 (9th Cir. 1985).

Several factors strongly indicate that jurisdiction would be unreasonable in California. First, Defendants have had minimal contact with California and have thus not interjected themselves into the forum state's affairs. Second, all of the Defendants are located in Texas. To drag each of them to California at Plaintiff's whim imposes a significant burden on Defendants. Third, California has an insubstantial interest in regulating the Texas-based conduct of Texas-based entities. And finally, several alternative forums exist, including Delaware and Texas. Under the terms of the Credit Agreement, Texas law applies to this dispute, and all parties to the Credit Agreement agreed that Texas was a valid venue for any litigation relating to the Credit Agreement. The alternate forums would be more convenient and more efficient in addressing the claims raised in Plaintiff's Complaint.

7

### c. The exercise of personal jurisdiction over Defendants would be unreasonable.

Even if this Court concludes that Plaintiff has satisfied the first two prongs of the test, Plaintiff's claims must still be dismissed because the exercise of personal jurisdiction would be unreasonable. The Ninth Circuit considers seven factors to determine whether a court's exercise of personal jurisdiction over a particular defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant in litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1064 (9th Cir. 1985).

Several factors strongly indicate that jurisdiction would be unreasonable in California. First, Defendants have had minimal contact with California and have thus not interjected themselves into the forum state's affairs. Second, all of the Defendants are located in Texas. To drag each of them to California at Plaintiff's whim imposes a significant burden on Defendants. Third, California has an insubstantial interest in regulating the Texas-based conduct of Texas-based entities. And finally, several alternative forums exist, including Delaware and Texas. Under the terms of the Credit Agreement, Texas law applies to this dispute, and all parties to the Credit Agreement agreed that Texas was a valid venue for any litigation relating to the Credit Agreement. The alternate forums would be more convenient and more efficient in addressing the claims raised in Plaintiff's Complaint.

**2.     Defendants are not subject to general jurisdiction in California.**

Although Plaintiff only half-heartedly contends that general jurisdiction may exist, *see* Opp. at 9:3, the Opposition references a number of "contacts" that are unrelated to Plaintiff's claims and resemble the type of contacts a plaintiff would allege in support of general, rather than specific, jurisdiction. These alleged contacts are insufficient to warrant the exercise of general jurisdiction over any Defendant.

For general jurisdiction to exist over a non-resident defendant, the defendant must have contacts with the forum state that are "continuous and systematic." *Schwarzenegger*, 373 F.3d at 801 (*quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Such contacts must be so broad that they take the place of physical presence as the basis for jurisdiction. *Id*. (citation omitted). The standard for establishing general jurisdiction is "fairly high." *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1009 (C.D. Cal. 2006) (citation omitted). In fact, the Ninth Circuit has called it an "exacting standard…because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (citation omitted). The Ninth Circuit has routinely declined to find general jurisdiction, even where the contacts with the forum have been quite extensive. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993).

Even the most liberal reading of Plaintiff's Complaint and Opposition reveals no facts warranting the exercise of general jurisdiction over Defendants. Contacts generally considered by the courts include whether the defendant makes sales in the forum state, solicits or engages in business in the forum state, designates an agent for service of process in the forum state, holds a license in the forum state, or is incorporated in the forum state. *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F.

8

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                              SA CV 09-0039 CJC (RNBx)

Supp. 2d 1093, 1101 (C.D. Cal. 2007) (citations omitted). Plaintiff has not alleged and cannot allege that *any* of these contacts are present. Instead, Plaintiff's Opposition asserts a variety of irrelevant jurisdictional contacts, none of which support this Court's exercise of general jurisdiction:

- *Plaintiff is California resident.* Compl. at ¶ 1; Opp. at 3:12-13. Such fortuity does not warrant the exercise of personal jurisdiction. "The fact of a plaintiff's residence, and thus the locus of financial damage, cannot support personal jurisdiction over a non-resident defendant." *Bowen v. Lancaster*, No. 08-CV-159 CJC (RNBx), 2008 U.S. Dist. LEXIS 39423, *10-11 (C.D. Cal. Apr. 30, 2008).

- *Legacy is operated from offices in Orange County, California, where its books, records, and bank accounts are located.* Opp. at 3:16-18, 9:26-28, 10:22-24. Legacy is not registered to do business in California. *See* Lawrence Decl. at ¶ 2 & Tab 1, Exhibit "A." Defendants' contacts with an entity not registered to conduct business in California cannot constitute contacts in California. Even if Legacy were a California company, merely contracting with a California resident or engaging in commerce with a resident of California will not be sufficient to support the exercise of general jurisdiction. *Birzer*, 444 F. Supp. 2d at 1010.

- *The initial amount of the loan proceeds as well as the initial capital contributions made to Legacy were deposited into an account maintained by Legacy in Orange County, California.* Opp. at 4:3-9, 10:6-11. Legacy's decision to maintain a bank account in California is irrelevant to the question of personal jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 253 (U.S. 1958) (noting that the unilateral activity of the plaintiff cannot satisfy the requirements for minimum contacts).

- *Highland Crusader and Highland Credit Strategies are members of Legacy and lenders to Legacy GmbH.* Opp. at 4:13-15. Neither Legacy nor Legacy GmbH is registered to do business in California. Lawrence Decl. at ¶ 2 & Tab 1,

9

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                    SA CV 09-0039 CJC (RNBx)

1  Exhibit "A." Further, merely doing business *with* individuals of the forum state is
2  not sufficient; the defendant must be doing business *in* the state. *Glencore Grain*
3  *Rotterdam*, 284 F.3d at 1125; *see also Birzer*, 444 F. Supp. 2d at 1010 (doing
4  business with someone licensed to do business in the state is not sufficient to
5  warrant the exercise of personal jurisdiction).

6  • *Legacy's subsidiaries, including Legacy Pharmaceuticals U.S. Inc. and*
7  *Legacy GmbH, maintain offices in Orange County, California.* Compl. at ¶ 9; Opp.
8  at 10:1-2. Neither Legacy nor Legacy GmbH is registered to do business in
9  California. Lawrence Decl. at ¶ 2 & Tab 1, Exhibit "A." Further, the contacts of
10  Legacy's subsidiaries with California have no bearing on general jurisdiction. *Good*
11  *v. Fuji Fire and Marine Ins. Co., Ltd.*, No. 08-CV-03944 DDP (AGRx), 2008 U.S.
12  Dist. LEXIS 74194, *7 (C.D. Cal. Sept. 23, 2008) (noting that a parent and
13  subsidiary are treated as separate entities) (citation omitted).

14  • *Defendants have sent correspondence addressed to Legacy in Orange*
15  *County, California.* Opp. at 10:3-6. Under well-established California law, "use of
16  the mails, telephone, or other international communications simply do not qualify as
17  purposeful activity invoking the benefits and protection of the state." *Thos. P.*
18  *Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247,
19  1254 (9th Cir. 1980); *see also Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395,
20  397-99 (9th Cir. 1981) (concluding that mailing of correspondence to the forum
21  state was not enough to establish general jurisdiction); *Bowen*, 2008 U.S. Dist.
22  LEXIS 39423 at *10-11 ("[T]he mere use of interstate mail, telephone or wire
23  services is itself insufficient to support assertion of personal jurisdiction."). In
24  addition, Plaintiff attaches two letters to his Declaration: one dated January 26, 2009
25  and the other dated January 30, 2009. *See* Declaration of Michael Danzi, Ex. 2 & 3.
26  But the correspondence and any allegations relating to the correspondence are
27  irrelevant because both letters were sent to California *after* Plaintiff's claim arose
28

10

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                    SA CV 09-0039 CJC (RNBx)

1 and *after* the lawsuit was filed. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) ("Only contacts occurring prior to the event causing the litigation may be considered.").

- *Attempts to levy on Plaintiff's pledge would have to occur in Orange County, California.* Opp. at 10:12-14. This is simply untrue. The pledged interest is in the custody of NexBank in Texas and foreclosure proceedings are already underway in Texas. But even if true, this alleged contact is irrelevant to the determination of general jurisdiction because the contact would occur, if ever, *after* Plaintiff's claim arose and *after* the lawsuit was filed. *Portage*, 907 F.2d at 913.

The facts alleged by Plaintiff do not constitute "continuous and systematic" contacts with the forum. Plaintiff has not met his burden of alleging facts sufficient to support this Court's exercise of either specific or general jurisdiction over the non-resident Defendants. As a result, Plaintiff's claims should be dismissed as to all Defendants for lack of personal jurisdiction.

**C.     Venue is not proper in this Court.**

Plaintiff has not established that venue is proper in this Court. In federal actions based solely on diversity, venue is governed by 28 U.S.C. § 1391(a), which provides that venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction, but only if there is no district in which the action may otherwise be brought. The plaintiff bears the burden of establishing that venue is proper in the chosen district as to each defendant and each claim. *Kelly v. Exhols*, No. 05-CV-118 AWI (SMS), 2005 U.S. Dist. LEXIS 37325, *30 (E.D. Cal. Aug. 30, 2005).

**1.     Venue is not proper under § 1391(a)(1).**

Defendants do not reside in California. For venue purposes, an

11

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                                                                           SA CV 09-0039 CJC (RNBx)

unincorporated association or partnership resides where it has its principal place of business. *See, e.g., Denver & Rio Grande Western Railroad Co v. Brotherhood of Railroad Trainmen*, 387 U.S. 556 (1967). As even Plaintiff recognizes, the principal place of business of Defendants is Dallas, Texas – not California. As Plaintiff cannot establish that *all* Defendants reside in California, venue under 28 U.S.C. §1391(a)(1) is improper in California.

### 2. Venue is not proper under § 1391(a)(2).

Plaintiff has not and cannot establish that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in California. While the locus of a tort injury is relevant in determining "substantiality" under § 1391(a)(2), it is not the only factor. "'*[S]ignificant* events or omissions material to the plaintiff's claim must have occurred *in* the district in question'" for venue to be proper. *Kelly*, 2005 U.S. Dist. LEXIS 37325 at *35 (*quoting Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353 (2nd Cir. 2005)) (emphasis added). A court should consider the entire sequence of events underlying the claim and should generally focus on activities of the defendant. *Id*.

Here, none of the significant events leading up to the alleged claim occurred in the Central District of California. That Plaintiff alleges he suffered injury in California is inconsequential to the venue determination when *every other* event or omission material to Plaintiff's claim occurred outside of California. Further, the alleged "harm" in this case arose when two Texas residents (Crusader and Credit Strategies) instructed another Texas resident (NexBank) not to honor loan commitments allegedly owed to another non-resident (Legacy). Plaintiff does not explain what harm he could have suffered from this circumstance. Because the events or omissions giving rise to Plaintiff's claim did not occur in California, venue under 28 U.S.C. § 1391(a)(2) is improper in California.

12

**REPLY IN SUPPORT OF MOTION TO DISMISS**          SA CV 09-0039 CJC (RNBx)

1 **D.     Plaintiff's request that the Motion be denied because of a deficient meet**
2        **and confer should be rejected.**

3        Unable to establish any legitimate basis for personal jurisdiction and venue in this Court, Plaintiff attempts to overcome the Motion by claiming that Defendants failed to timely meet and confer. Opp. at 6:9-25. Defendants admit that Local Rule 7-3 provides that the meet and confer regarding this Motion should have taken place on January 23, 2009, five days before it was filed, and that Defendants did not discuss the grounds for the Motion with Plaintiff before that date. However, Defendants' counsel did contact Plaintiff's counsel on January 23, 2009 to request a fifteen day extension of the deadline to answer or otherwise respond to Plaintiff's Complaint, which would have eliminated any need for a meet and confer on that date. Declaration of Clark S. Stone ("Stone Decl.") at ¶ 2, attached hereto as Exhibit "B." The Local Rules of this Court provide that extensions of less than thirty days may be entered without the need for Court approval, and indeed, such extension are routinely granted in defense counsel's experience. L.R. 8-3; Stone Decl. at ¶ 2, Exhibit "B." Plaintiff's counsel stated he needed until January 26, 2009 to respond to the request, and Defendant's counsel had no reason to believe Plaintiff would not grant the reasonable request. *Id*.

On January 26, 2009, however, counsel for Plaintiff advised that he would not agree to the extension. *Id.* at ¶ 3. Immediately thereafter, counsel for Defendants informed Plaintiff's counsel of Defendants' intention to file a motion to dismiss for lack of personal jurisdiction and venue, and explained the specific grounds for the motion. *Id*. at ¶ 4. Plaintiff's counsel indicated that the alleged pleading deficiency could be cured by an amendment to the Complaint, and Defendants' counsel attempted unsuccessfully on several occasions before the filing of the Complaint to contact Plaintiff's counsel to determine whether Plaintiff actually intended to amend. *Id.* at ¶¶ 6-7. Plaintiff elected not to do so.

13

REPLY IN SUPPORT OF MOTION TO DISMISS                                SA CV 09-0039 CJC (RNBx)

From this record, it is clear that Plaintiff cannot claim any prejudice from not having a longer time to meet and confer, and thus any violation of the Local Rule should not serve as a ground to deny the Motion. *Fitzgerald v. City of Los Angeles*, 485 F. Supp. 2d 1137, 1140 (C.D. Cal. 2007) (excusing non-compliance with conference requirements where opposing party was not prejudiced); *Mitchell v. Metro. Life Ins. Co.*, No. 05-CV-00810 DDP (RNBx), 2008 U.S. Dist. LEXIS 29387, *5-6, n.1 (C.D. Cal. Apr. 7, 2008) (same). The purpose of a conference is to give the other side a chance to cure, if he can. Defendants' counsel specified the grounds for the Motion to Dismiss well before it was filed. Defendants' Motion to Dismiss was served almost one month ago and sets out in detail the basis for the requested relief. Some of the stated reasons include glaring omissions in the Complaint which are not curable by any pleading that passes Rule 11 muster. While Plaintiff suggested he might be able to amend to cure the pleading deficiencies before Defendants filed the Motion, he has made no effort to do so even though he could have amended as a matter of right without Defendants' consent or leave of Court. FED. R. CIV. P. 15(a)(1)(A). If service on Plaintiff of a motion and brief replete with Ninth Circuit authority was not enough to persuade Plaintiff to fix his pleadings through an amendment (if he can), it is hard to see how a longer meet and confer could have possibly caused Plaintiff any harm. If he has not amended his pleadings by now, no amount of meeting and conferring is likely to change Plaintiff's mind.[2]

---

[2] Moreover, there is no truth to Plaintiff's assertion that Defendants purposefully delayed the conference in order to first "test the waters" in a separate action filed by two of the Defendants against Plaintiff in Delaware. Opp. at 6. In the hearing that took place on January 23, 2009 in the Delaware case, counsel disclosed that this action was taking place and made clear that it was not seeking to interfere with this action in any way. Excerpts from January 23, 2009 Hearing Transcript (the "Hearing Transcript"), 6:1-11, attached hereto as Exhibit "C." Thus, Defendants were in no way attempting to "obviate the need for any appearance in this Court," as Plaintiff suggests. Plaintiff further misrepresents that the Delaware court denied the request for a Status Quo Order that was made in that action by two of the Defendants in this case (Crusader and Credit Strategies). In reality, the Delaware court granted the request for a Status Quo Order. *See Id.* at 38:14-23; *see also*

14

### III. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court dismiss all claims against them and grant them such other and further relief to which they are justly entitled.

Respectfully submitted,

DATED: February 23, 2009

Haynes and Boone, LLP

By   /s/ Clark S. Stone
     Clark S. Stone

Attorneys for DEFENDANTS
HIGHLAND CAPITAL MANAGEMENT, L.P.
HIGHLAND CRUSADER PARTNERS, L.P.
HIGHLAND CREDIT STRATEGIES, L.P.
NEXBANK, SSB

---

Status Quo Order, attached hereto as Exhibit "D"; *see also* January 27, 2009 Letter Regarding Status Quo Order, attached hereto as Exhibit "E."

15

**REPLY IN SUPPORT OF MOTION TO DISMISS**            **SA CV 09-0039 CJC (RNBx)**