UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009

Title: <u>MICHAEL R. DANZI v. HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CRUSADER PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES, L.P., & NEXBANK SSB</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                    <u>    N/A    </u>
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      None Present                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND IMPROPER VENUE** [filed 02/23/09]

**BACKGROUND**

        Plaintiff Michael Danzi alleges breach of fiduciary duty, and aiding and abetting breach of fiduciary duty, against his business partners and financiers Highland Capital Management, Highland Crusader Offshore Partners, Highland Credit Strategies (collectively "Highland"), and NexBank (collectively "Defendants"). The case arises from Mr. Danzi and Highland's joint pharmaceutical manufacturing venture Legacy Pharmaceuticals International, LLC (the "Legacy Parent"), the parent company of Legacy Pharmaceuticals International Gmbh (the "Legacy Subsidiary") (collectively "Legacy"), and Highland's funding of Legacy through Nexbank. (Compl. ¶ 9.) Mr. Danzi is a 45 percent partner in the Legacy Parent and is its President and CEO. (Pl.'s Op. Brf., Ex. A ¶ 2.) He is also the President and CEO of the Legacy Subsidiary. The Legacy Parent is a limited liability company registered in Delaware. (Pl.'s Op. Brf. at 3.) It maintains an office, bank accounts and accounting records in Orange County, California. (*Id.*) Mr. Danzi and Legacy's Chief Financial Officer work in the Orange County Office. (*Id.*) Highland's principal place of business is in Texas. (Compl. ¶ 7.) NexBank is a Texas chartered savings bank with a principal place of business in Texas. (*Id.*) NexBank is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                     Page 2

---

owned and controlled by Highland.  The parties negotiated and agreed to form Legacy in
2007.  (Pl.'s Op. Brf., Ex. A ¶ 9.)

        Mr. Danzi formed the Legacy Parent with Highland for the purpose of purchasing
pharmaceutical manufacturing facilities in Switzerland.  To effectuate this purchase and
to provide capital for Legacy's continued operation, Legacy entered into a credit
agreement with Highland and NexBank to borrow up to $43 million.  (Compl. ¶ 13.)
This money was initially deposited into Legacy's bank account in Orange County.  In
June, 2008 Legacy sold a building in Switzerland for $2.3 million.  (Compl. ¶ 15.)
Legacy, led by Mr. Danzi, notified NexBank that it planned to use the $2.3 million in
proceeds from the sale of the building to purchase the rights for generic pharmaceuticals
from another company.  (Compl. ¶ 19.)  Instead, NexBank instructed Legacy to send the
$2.3 million to NexBank to pre-pay the loan under the credit agreement.  (Compl. ¶ 23.)
Mr. Danzi alleges that Highland instructed NexBank to make this demand.  (Compl. ¶
26.)  Based on these alleged facts, Mr. Danzi asserted claims against Highland and
NexBank for breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.
Highland and NexBank now move to dismiss the complaint for lack of personal
jurisdiction or for improper venue.

**ANALYSIS**

    **A.  Personal Jurisdiction**

        Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal of
an action based on "lack of jurisdiction over the person."  FED. R. CIV. P. 12(b)(2).  In
response to such a motion the plaintiff, as the party invoking the court's jurisdiction, has
the burden of establishing the necessary jurisdictional facts, such as the existence of
"minimum contacts" between the defendant and the forum state.  *Colt Studio, Inc. v.
Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal. 1999)(*citing Flynt Distrib.
Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984)).  Where, as in this case, the
defendant's motion to dismiss is made as its initial response, the plaintiff need only make
a "prima facie" showing as to the existence of personal jurisdiction.  *Id.* (*citing Data
Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  That is,
the plaintiff must present evidence that, if believed, would be sufficient to establish such
jurisdiction.  *Id.* (*citing WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989)).
Although the plaintiff cannot "simply rest on the bare allegations of its complaint,"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                    Page 3

---

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), uncontroverted allegations in the complaint must be taken as true.  *Id.*  The court resolves all disputed facts in favor of the plaintiff.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1]  Because Mr. Danzi brought his claims under state law, there is no federal statute at issue.  "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are identical.  *Id.* at 801 (*citing Panavision*, 141 F.3d at 1320 (*itself citing* CAL. CIV. PROC. CODE § 410.10)); CAL. CIV. PROC. CODE § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.")  Federal due process requires that, for a court to exercise jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  *Id.* at 801 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Personal jurisdiction may be based on either general or specific jurisdiction.  *Panavision*, 141 F.3d at 1320.  A finding of general jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (*citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)), and consequently requires a showing of "continuous and systematic general business contacts ... that 'approximate physical presence' in the forum state."  *Id.* (*citing Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed. 2d404 (1984); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).  If a

---

[1] Defendants argue that Mr. Danzi did not sufficiently allege sufficient facts for personal jurisdiction in his Complaint and, therefore, the Court should dismiss his action.  However, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc., v. Bell & Clements, Ltd*. 328 F.3d 1122, 1129 (2003)  A district court does not determine personal jurisdiction on the basis of the facts alleged in the complaint alone.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                              Date: March 2, 2009
                                                                              Page 4

─────────────────────────────────────────────────────────

defendant is domiciled in the forum state, or its activities there are substantial, continuous and systematic, a federal court can exercise general jurisdiction over that defendant as to any cause of action – even if unrelated to defendant's activities within the forum state. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-47 (1952).

Nonetheless, even if a non-resident defendant's contacts with the forum state are not sufficiently continuous and systematic for general jurisdiction, it may still be subject to jurisdiction on claims related to its activities or contacts there. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188 (9th Cir. 2002). This is commonly referred to as "limited" or "specific jurisdiction." The Ninth Circuit has established a three-factor test for determining when a court may constitutionally exercise specific jurisdiction over a defendant: (1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be reasonable.[2] *Menken v. EMM*, 503 F.3d 1163, 1057 (9th Cir. 2007).

As neither party asserts that Defendants have sufficient contacts to give rise to general jurisdiction over them in California, and the evidence supports this conclusion, the Court need only analyze whether sufficient contacts exist for specific jurisdiction.

**1. Purposeful Availment or Direction**

The first question is whether Defendants have purposely "availed [themselves] of the privilege of conducting activities in California, or purposefully directed its activities towards California." *Schwarzenegger*, 374 F.3d at 802. This test has been characterized as involving both a "purposeful availment" and a "purposeful direction" prong, either of which is sufficient. *Yahoo! Inc. v. La Lingue Contre Le Racisme et L'Antisemitisme*, 433

─────────────────

[2] When the test was originally formulated, a plaintiff had to demonstrate each of the three elements to establish jurisdiction. *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1074 (9th Cir. 1986). In response to subsequent Supreme Court case law, however, the Ninth Circuit has adopted a more flexible approach. *Id.* Under this new analysis, "there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                    Page 5

---

F.3d 1199, 1206 (9th Cir. 2006.)  Courts typically employ the "purposeful availment" prong in contract cases, and the "purposeful direction" analysis in tort cases.  *Id.*

Under the first prong of the "minimum contacts" test, Mr. Danzi must show that Defendants either purposefully availed themselves of the privilege of conducting activities in California, or purposefully directed their activities toward California. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 1994).  A purposeful direction analysis is most often used in suits sounding in tort, like this one.  *Id.* Courts evaluate purposeful direction under the three-part "effects" test from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984).  The Ninth Circuit has described the *Calder* test as follows: "[Under] *Calder*, the "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  *Calder* requires something more, however, than a foreign act with foreseeable effects in the forum state.  *Pebble Beach Co. v. Michael Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). That something more must be "express aiming at the forum state."  *Id. (citing Bancroft,* 223 F.3d at 1087).[3]

---

[3] The "purposeful availment" analysis may also be used here because the claims against Defendants arise from the creation and interpretation of the Legacy business entity and its related credit agreement.  *See Harris Rutsky & Co.* 328 F.3d at 1130 (using the purposeful availment analysis to test whether a party had personal jurisdiction in a suit alleging breach of fiduciary duty among other claims).  For example, parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities."  *Burger King,* 471 U.S. at 474.  The Ninth Circuit has held that "continuing and extensive involvement with the forum" is grounds for finding purposeful availment.  *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).  In *Roth*, the Ninth Circuit found an author had sufficient contacts with the form when he contracted with a California movie producer to produce a film version of one of his works.  *Id.*  The Ninth Circuit reasoned that "the *future consequences* of the contract"—that the film would be edited, produced and promoted, if not shot, in California—and that the Defendant would continue to receive royalties from the California producers, created an ongoing relationship to justify jurisdiction.  *Id.* at 622.  Similarly, in *Easter v. American West Fin'l*, the Ninth Circuit found personal jurisdiction where the defendant received loan payments from residents of the forum at issue.  381 F.3d 948, 936 (9th Cir. 2004).  In the instant case, Defendants created an ongoing relationship with Danzi in California.  They created a partnership that Mr. Danzi would direct from his offices in the state.  Furthermore, they expected that Mr.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                                      Page 6

---

The allegations here satisfy the "purposeful direction" test.  Defendants committed several intentional acts directed at Caifornia that led to this litigation.  Defendants formed a partnership with a California resident, Mr. Danzi.  They agreed that he would be the CEO of their venture, and he located his office, and the offices of his Chief Financial Officer, in California.  Defendants sent the start-up funds for their venture to a bank account in California, for Legacy to disperse from California.  Defendants communicated their wishes to Mr. Danzi in California for him to execute from here.  Defendants committed these acts with the knowledge that Mr. Danzi lived in, and worked from, California, and that he established California as Legacy's nerve center.  These acts were directed at California.  *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1112 (9th Cir. 2002) ("Because Watts and Boenneken knew that Dole's principal place of business was in California, knew that the decisionmakers for Dole were located in California, and communicated directly with those California decisionmakers, we conclude that their actions were "expressly aimed" at the forum state.").  The alleged breach of duty would also cause harm in California associated with Mr. Danzi's activities here by interfering with his management of Legacy's business.  It is only necessary that a significant amount of the harm be suffered in the forum state.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) ("the brunt of the harm need not be suffered in the forum state").  The turmoil surrounding Mr. Danzi's control of Legacy is being suffered in California.  If this turmoil has impeded Mr. Danzi's ability to conduct business in California, and has kept capital from flowing into the state, this is sufficient harm to show purposeful direction.

**2.  Arising Out Of or Resulting From the Defendants' Forum-Related Activities**

To determine whether a claim against an out-of-state defendant arises out of or results from the defendant's forum related activities, courts employ a "but for" test. *Menken*, 503 F. 3d at 1058 (*citing Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)).  "Hence, [Plaintiff/ must show that he would not have suffered an injury 'but for' [Defendants'] forum-related conduct."  *Id.*  Here, this factor is satisfied because "but for" Defendants' acts of creating and maintaining business entities that would be

---

Danzi would cause payments to be submitted to them, and they would send funds to the California bank account if needed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                    Page 7

---

directed from California, and but for breaking funding commitments to those entities, and communicating with those entities to the effect of creating doubt about their control and interfering with Mr. Danzi's ability to manage those entities, this alleged breach of fiduciary could not have occurred.  Had Highland and NexBank not sent money to California in the first place, Defendants could not allegedly breach their fiduciary duties by demanding it be paid back now.

### 3.  Reasonableness

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Core-Vent Corp. v. Nobel Industries, AB*, 11 F.3d 1482, 1487 (9th Cir. 1993)(*citing Burger King*, 471 U.S. at 476-77.)  "However, 'where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that would render jurisdiction unreasonable.'"  *Id.*  (*citing Burger King*, 471 U.S. at 476-77.)  The Ninth Circuit considers seven factors to determine whether a court's exercise of personal jurisdiction over a particular defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."  *Id.* at 1487-88 (*citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1064 (9th Cir. 1985); *Menken*, 503 F.3d at 1058.

On balance, the above factors weigh in favor of exercising personal jurisdiction over Defendants.  First, Mr. Danzi's allegations indicate that Defendants substantially interjected itself into California's affairs creating business entities to be managed from offices located in California and funded by money transferred to bank accounts within California.  Second, defending in California is not likely to be unduly burdensome to Defendants, considering that modern air travel and communications have greatly decreased the burdens of litigating in a different state.  *See Panavision*, 141 F.3d at 1322 (quoting the district court for the proposition that "'in this era of fax machines and discount air travel,' requiring [the non-resident defendant] to litigate in California is not constitutionally unreasonable.")  Given that Defendants are prepared to litigate this case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)                    Date: March 2, 2009
                                                                Page 8

---

in Delaware, and that Defendants' business entities are registered outside of Texas, litigating here is little burden upon them.  Third, although Defendants argue that the credit agreement between Highland and Legacy stipulates that Texas laws govern this dispute, it is far from clear whether the credit agreement governs the choice of law in this case.  Neither party has provided a copy of the credit agreement to the Court, this suit is not specifically arguing about a breach of the credit agreement, and has not been alleged that Mr. Danzi, as opposed to Legacy, is a party to the credit agreement.  The Court cannot say exercising jurisdiction here would conflict with the sovereignty of Texas or Delaware.  The fourth factor weighs heavily in favor of Mr. Danzi, as California has a strong interest in providing a forum for its companies to enforce their contracts.  The Ninth Circuit has noted a state's "strong interest in protecting its residents from injury and in furnishing a forum where their injuries [could] be remedied." *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir. 2002).  The fifth factor, the most efficient judicial resolution of the controversy, focuses on the location of evidence and witnesses.  Regarding the location of witnesses, neither party has addressed this issue in detail in its briefing.  Mr. Danzi is located in California and Defendants are in Texas.  The whereabouts of other witnesses are unknown.  Mr. Danzi, however, argues that the operations, books, and records of Legacy are located in Orange County.  This favors maintaining jurisdiction in this forum.  The sixth factor, the importance of the forum to the plaintiff's interest in convenient and effective relief, likely weighs in favor of litigating in California.  Seventh and finally, the availability of an alternative forum weighs in Defendants' favor, as Texas and Delaware are both sufficient alternative fora.  Overall, however, the relevant factors weigh in favor of exercising personal jurisdiction over Defendants.

### B.  Venue

Federal Rule of Civil Procedure 12(b)(3) permits a party to move for dismissal of an action based on "improper venue."  FED. R. CIV. P. 12(b)(3).  Venue is determined entirely by statute.  *See Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 709 (1972).  Here, Mr. Danzi has improperly alleged that he has filed his Complaint in the proper venue under 28 U.S.C. § 1391(b).  (Compl. ¶ 8.)  Section 1391(b) applies only to an action that is not founded only on diversity of citizenship.  Mr. Danzi has alleged no federal claim in this lawsuit.  Diversity is the sole basis for federal question jurisdiction over this case.  Therefore, § 1391(b) does not provide a venue in California.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                              Date: March 2, 2009
                                                                              Page 9

---

     Mr. Danzi now argues that this is the proper venue under 28 U.S.C. § 1391(a).
That statue states that venue is proper within:

    1)  a judicial district where any defendant resides, if all defendants reside in the
        same State,

    2)  a judicial district in which a substantial part of the events or omissions
        giving rise to the claim occurred, or a substantial part of property that is the
        subject of the action is situated, or

    3)  a judicial district in which any defendant is subject to personal jurisdiction
        at the time the action is commenced, if there is no district in which the
        action may otherwise be brought.

Section 1391(a)(1) is applicable in this case because, for the purposes of venue,
corporations and similar business and labor entities are deemed to reside in a district
where a court could properly exercise personal jurisdiction over them.  28 USC §
1391(c).  "Courts analogize partnerships and unincorporated business associations to
corporations for venue purposes."  Schwarzer, et al., RUTTER GROUP PRACTICE GUIDE:
FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 4:245.  Because Defendants are subject to
personal jurisdiction in Orange County, they are all residents of the Central District of
California for purposes of venue.

**CONCLUSION**

     For the foregoing reasons, Defendants' motion to dismiss is DENIED.

jls

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk MU