Tom Chen (CA SBN 184843)
**HAYNES AND BOONE, LLP**
18200 Von Karman, Suite 725
Irvine, CA 92612
Tel: 949.752.7040
Fax: 949.752.7049
Email: tom.chen@haynesboone.com

Clark S. Stone (CA SBN 202123)
Jason M. Gonder (CA SBN 257522)
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110
Tel: 408.392.9250
Fax: 408.392.9262
Email: clark.stone@haynesboone.com
       jason.gonder@haynesboone.com

Werner A. Powers (*admitted pro hac vice*)
R. Thaddeus Behrens (CA SBN 196322)
**HAYNES AND BOONE, LLP**
2323 Victory Ave, Suite 700
Dallas, TX 75219
Tel: 214.651.5000
Fax: 214.200.0672
E-mail: werner.powers@haynesboone.com
        thad.behrens@haynesboone.com

Attorneys for Defendants
HIGHLAND CAPITAL MANAGEMENT, L.P.
HIGHLAND CRUSADER PARTNERS, L.P.
HIGHLAND CREDIT STRATEGIES, L.P.
NEXBANK, SSB

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL R. DANZI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership, HIGHLAND CRUSADER PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES, L.P., a Bermuda limited partnership; | Case No. SA CV 09-0039 CJC (RNBx)<br><br>**CORRECTED VERSION**<br><br>**DEFENDANT NEXBANK, SSB'S ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Before: Hon. Cormac J. Carney |

NEXBANK, SSB, a Texas chartered savings bank,
     Defendants.

NEXBANK, SSB, a Texas chartered savings bank,
     Counterclaimant,

v.

MICHAEL R. DANZI, an individual,
     Counterdefendant.

Defendant and Counterclaimant NexBank, SSB ("NexBank" or "Defendant"), files this its Answer to Plaintiff's Complaint and Counterclaim, and would show as follows:

## I.
## ANSWER
### ANSWERING SECTION TITLED "THE PARTIES"

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and, therefore, denies the allegations.

2. Defendant admits that Highland Capital Management, L.P. is a limited partnership organized and existing under the laws of the state of Delaware; admits that its principal place of business is in Dallas, Texas; otherwise denied.

3. Defendant admits that Highland Crusader Offshore Partners, L.P. ("Crusader") is a Bermuda limited partnership; admits that Crusader's principal place of business is in Dallas, Texas; otherwise denied.

4. Defendant admits that Highland Credit Strategies Master Fund, L.P. ("Credit Strategies") is a Bermuda limited partnership; admits that Credit Strategies principal place of business is in Dallas, Texas; otherwise denied.

5. Defendant admits that it is a savings bank chartered under the laws of the State of Texas; admits that its principal place of business in Dallas, Texas; otherwise denied.

6. No response is required to the allegations in paragraph 6, which purport to state conclusions of law. To the extent a response is required, Defendant denies the allegations in paragraph 6.

## ANSWERING SECTION TITLED "JURISDICTION AND VENUE"

7. Paragraph 7 asserts legal conclusions; therefore, Defendant is not required to admit or deny. To the extent Defendant is required to respond, Defendant admits the citizenship of Defendants as stated, and denies the remaining allegations in paragraph 7.

8. Paragraph 8 asserts legal conclusions; therefore, Defendant is not required to admit or deny. To the extent Defendant is required to respond, Defendant denies the allegations set forth in Paragraph 8.

## ANSWERING SECTION TITLED "GENERAL ALLEGATIONS"

9. Defendant admits that Crusader, Credit Strategies, and Plaintiff entered into a Limited Liability Company Operating Agreement ("Operating Agreement") of Legacy Pharmaceuticals International, LLC ("Legacy LLC") for the purpose of forming Legacy LLC; admits that Legacy Pharmaceuticals International, LLC owns a variety of subsidiary companies, including Legacy Pharmaceuticals U.S., Inc; admits that Legacy Pharmaceuticals U.S., Inc. maintains an office in Orange County, California; and denies the remaining allegations in paragraph 9.

10. Defendant admits that Legacy LLC was formed in connection with the acquisition of the businesses and assets of manufacturing plants owned by Valeant Pharmaceuticals International, Inc.; admits that the acquisition was consummated through Legacy LLC's wholly-owned subsidiaries, Legacy Pharmaceuticals International GmbH ("Legacy GmbH") and Solco Pharmaecuticals Switzerland GmbH ("Solco GmbH"); and denies the remaining allegations in paragraph 10.

11. Defendant admits Crusader, Credit Strategies, and Plaintiff are Members of Legacy LLC, and Article I and Article II of Legacy LLC's Operating Agreement reflect such; and denies the remaining allegations of paragraph 11.

12. Defendant admits that Crusader and Credit Strategies entered into the Legacy LLC Operating Agreement with Plaintiff, and respectfully refer Plaintiff and the Court to the Operating Agreement for a full and complete recitation of its terms; and denies the remaining allegations of paragraph 12.

13. Defendant admits that on or about June 22, 2007, a Credit Agreement ("Credit Agreement") was entered into between (1) Legacy GmbH, as borrower, (2) Legacy LLC, as one of several guarantors, (3) The Foothill Group, Inc. as a Lender (together with other lenders who might be parties to the Credit Agreement from time to time, the "Lenders"), (4) Highland Financial Corp., as lead arranger of the Lenders, and (5) NexBank, as administrative agent for the Lenders; respectfully refers the Plaintiff to the Credit Agreement for a full and complete recitation of its terms; and denies the remaining allegations in paragraph 13.

14. Defendant admits that the Credit Agreement was entered into by and between the parties identified in paragraph 13, respectfully refers the Plaintiff to the Credit Agreement for a full and complete recitation of its terms; and denies the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Defendant is without sufficient information to admit or deny the allegations in paragraph 17, and on that basis, the allegations are denied.

18. Denied.

19. Defendant admits that a letter dated September 11, 2008 was sent from Legacy Pharmaceuticals International to NexBank concerning the Par Pharmaceuticals Acquisition, respectfully refers Plaintiff to the letter itself for a complete and accurate recitation of its contents; and denies the remaining allegations in paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Defendant admits that NexBank sent an e-mail to representative of Legacy LLC on October 24, 2008, respectfully refers Plaintiff to the e-mail for a full and complete recitation of its contents, and denies the remaining allegations in paragraph 23.

24. Denied.

25. Defendant admits that on November 21, 2008, NexBank sent a letter to representatives of Legacy LLC, respectfully refers Plaintiff to the letter itself for a complete and accurate recitation of its contents, and denies the remaining allegations in paragraph 25.

26. Denied.

## ANSWERING SECTION TITLED "FIRST CLAIM FOR RELIEF"
### (Breach of Fiduciary Duty Against Defendants Crusader and Credit Strategies)

27. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## ANSWERING SECTION TITLED SECOND CLAIM FOR RELIEF
### (Aiding And Abetting Breach of Fiduciary Duty Against Defendant Highland Capital)

34. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## ANSWERING SECTION TITLED THIRD CLAIM FOR RELIEF

### (Aiding and Abetting Breach of Fiduciary Duty

### Against Defendant NexBank)

40. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## DEFENSES

Defendant alleges the following defenses with respect to the claims alleged in Plaintiff's Complaint without assuming the burden of proof where the burden of proof rests on Plaintiff:

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

The Court lacks personal jurisdiction over the Defendant.

### Third Defense

Venue is improper in this Court.

### Fourth Defense

Plaintiff has no standing to bring this action because his claims are derivative in nature.

### Fifth Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## II.

## COUNTERCLAIM

## THE PARTIES, JURISDICTION, AND VENUE

1. Counterclaimant NexBank, SSB is a savings bank chartered under the laws of the State of Texas.

2. NexBank is informed and believes that Counterdefendant Michael R. Danzi ("Danzi") is an individual residing in the County of Orange, State of California.

3. This Court has jurisdiction over the subject matter of this action under 28 § U.S.C. 1332(a), as there is complete diversity between the parties, and the amount in controversy exceeds $75,000. Venue is proper in this District under 28 U.S.C. § 1391(a)(3), as Danzi has submitted to personal jurisdiction through filing his Complaint in this District. Assignment to this Division is proper because Danzi, the sole Counterdefendant, resides in this Division.

## GENERAL ALLEGATIONS

4. On or about June 22, 2007, a Credit Agreement ("Credit Agreement") was entered into between (1) Legacy GmbH, as borrower, (2) Legacy LLC, as one of several guarantors, (3) The Foothill Group, Inc. as a Lender (together with other lenders who might be parties to the Credit Agreement from time to time, the "Lenders"), (4) Highland Financial Corp., as lead arranger of the Lenders, and (5) NexBank, as administrative agent for the Lenders. A true and correct copy of the Credit Agreement, without exhibits, is attached to this Counterclaim as Exhibit 1.

5. Under the Credit Agreement, the Lenders agreed, subject to conditions specified therein, to extend certain credit facilities to Legacy GmbH in an aggregate amount not to exceed $43,000,000, consisting of an aggregate principal amount of

$38,000,000 in Term Loans and up to an aggregate principal amount of $5,000,000 in Revolving Commitments.

6. In connection with the Credit Agreement, a number of ancillary agreements were executed to provide NexBank and the Lenders with collateral for the loans. One of those agreements was a Pledge Agreement between Danzi and NexBank dated June 22, 2007, which Danzi executed in Dallas, Texas. A true and correct copy of Danzi's Pledge Agreement is attached hereto as Exhibit 2.

7. On January 8, 2009, NexBank notified parties obligated under the Credit Agreement and related documents of certain Events of Default that had occurred under the Credit Agreement. A true and correct copy of NexBank's January 8, 2009 Letter is attached hereto as Exhibit 3. Specifically, NexBank's January 8 letter advised that Legacy had defaulted on the loan by: (1) failing to remit $1,621,683.85 in proceeds from the sale of Building 11, which was required to be repaid under Section 6.9(h) of the Credit Agreement; (2) and failing to deliver Legacy's 2009 Financial Plan no later than fifteen days prior to the beginning of the fiscal year, as required by Section 5.1(h) of the Credit Agreement. *Id.* NexBank's letter demanded that the Building 11 Proceeds be transmitted by January 12, 2008 and that the 2009 Financial Plan be furnished by January 16, 2009, and advised that the default interest rate must be paid. *Id.* None of these demands were, or have been, met.

8. After NexBank's January 8, 2009 letter, additional Events of Defaults were discovered. These additional Events of Default, together with those outlined in NexBank's January 8, 2009 letter, ultimately resulted in NexBank accelerating the $38 million debt owing under the Credit Agreement and commencing foreclosure proceedings, including through a lawsuit filed in Texas. A true and correct copy of the Verified Original Petition filed in Texas ("Texas Lawsuit"), without exhibits, is attached hereto as Exhibit 4. As set forth in the Verified Original Petition filed in Texas, the additional Events of Default discovered include: (i) Legacy's creation of

a new subsidiary called Solco Healthcare US, LLC ("Solco US") without complying with the procedures in Section 5.9 of the Credit Agreement for giving NexBank a lien on such subsidiary's assets; (ii) submitting admittedly false financial statements and Financial Officer Certifications in violation of Sections 5.1(a)-(c) between September 2007 and November 2008; and (iii) submitting a false Compliance Certificate that purported to show compliance with the Leverage Ratio and Interest Coverage Ratio covenants in violation of Sections 5.1(d) and 6.8. *See* Ex. 4, ¶¶ 21, 33-36.

9. On February 20, 2009, based on the multiple Events of Default, NexBank sent a letter to Legacy and Plaintiff advising that it had elected to accelerate the maturity of all obligations under the Credit Agreement. A true and correct copy of NexBank's February 20, 2009 Letter is attached hereto as Exhibit 5. The full amount of Legacy's obligations in the amount of $38,201,520.99 (plus all reimbursable costs including attorney's fees and expenses) became immediately due and owing. The parties were advised that NexBank intended to foreclose on its interests in any collateral securing the loan amount. In addition, Danzi was given notice that his pledged shares in Legacy LLC would be sold at a foreclosure sale on March 4, 2009 at 11:00 a.m. in Richardson, Texas. That same day, NexBank filed the Texas Lawsuit seeking, among other things, to foreclose on its security interests in assets other than the membership interest pledged by Plaintiff. *See* Ex. 4.

10. On or about February 25, 2009, the Defendants in the Texas Lawsuit, at Danzi's direction, filed a Plea in Abatement requesting that the Texas state court abate the Texas Lawsuit in favor of this case. A true and correct copy of the Plea in Abatement, without exhibits, is attached hereto as Exhibit 6.

11. On the night of February 25, 2009, Danzi filed an Emergency Application for a Temporary Restraining Order in this Court seeking to enjoin the scheduled foreclosure sale of Danzi's pledged shares in Legacy LLC.

12. After a hearing held on March 1, 2009, and after deciding that this Court had jurisdiction over this matter, the Court issued an Order on March 3, 2009 deniesing Danzi's Emergency Application for a Temporary Restraining Order. A true and correct copy of this Court's Order is attached hereto as Exhibit 7. The Court's Order was filed on the electronic docket at approximately 4:10 p.m. PST. Less than 20 minutes later, a law firm sent an e-mail to NexBank's counsel advising that Danzi would be filing a Plea in Intervention, Counterclaim and Application for a Temporary Restraining Order in the Texas Lawsuit on March 2, 2009. A true and correct copy of Plaintiff's draft filing is attached hereto as Exhibit 8. Plaintiff seeks to obtain in the Texas Lawsuit the exact same relief this Court denied in its Order dated March 1, 2009.

## CAUSE OF ACTION
### (All Writs Act, 28 U.S.C. § 1651)

13. NexBank incorporates all of the foregoing paragraphs in its Counterclaim in their entirety, the same as if fully set forth at length.

14. As set forth above, on March 3, 2008, this Court determined that it had jurisdiction over this matter, and in the exercise of that jurisdiction, denied Danzi's Emergency Application for a Temporary Restraining Order, which sought to enjoin the upcoming foreclosure sale of Danzi's pledged shares in Legacy LLC. Within minutes of this Court's ruling, Danzi's counsesl advised NexBank's counsel that he intends to seek the identical relief denied by this Court in the Texas Lawsuit. In so doing, Danzi seeks to interfere with, and frustrate, the exercise of jurisdiction of this Court in denying him a temporary restraining order.

15. Pursuant to 28 U.S.C. § 1651, this Court may issue an Order enjoining Danzi from re-litigating his request for a temporary restraininng order in the Texas lawsuit and to restraing the Texas state court from issuing a contravening order that would interfere with this Court's exercise of jurisdiction over this matter.

16. This Court has determined that it has jurisdiction over this litigation. An injunction pursuant to 28 U.S.C. § 1651 is necessary to aid this Court's jurisdiction and is the only remedy available to prevent Plaintiff and the Texas state court from interfering with this Court's consideration and disposition of Plaintiff's request for a temporary restraining order.

## PRAYER

WHEREFORE, NexBank prays for judgment as follows:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B. That NexBank be awarded judgment in its favor on its Counterclaim;

C. That an Order in aid of this Court's jurisdiction be entered pursuant to 28 U.S.C. § 1651 enjoining Plaintiff, and the Dallas County District Court, 101st Judicial District from interfering with the integrity of this Court's Order denying Plaintiff's Application for a Temporary Restraining Order, or from otherwise interfering with the foreclosure sale of Danzi's pledged shares in Legacy LLC;

D. That NexBank be awarded its costs of suit, including reasonable attorneys' fees;

E. That NexBank be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: March 4, 2009

Haynes and Boone, LLP

By _____
CLARK S. STONE

Attorneys for DEFENDANTS
HIGHLAND CAPITAL MANAGEMENT, L.P. HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P. AND NEXBANK, SSB

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant NEXBANK, SSB hereby demands a trial by jury on all issues so triable in this action.

DATED: March 4, 2009

Haynes and Boone, LLP

By _____
CLARK S. STONE

Attorneys for DEFENDANTS
HIGHLAND CAPITAL MANAGEMENT, L.P. HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P. AND NEXBANK, SSB