Tom Chen (CA SBN 184843)
**HAYNES AND BOONE, LLP**
18200 Von Karman, Suite 725
Irvine, CA 92612
Tel: 949.752.7040
Fax: 949.752.7049
Email: tom.chen@ haynesboone.com

Clark S. Stone (CA SBN 202123)
Jason M. Gonder (CA SBN 257522)
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110
Tel: 408.392.9250
Fax: 408.392.9262
Email: clark.stone@haynesboone.com
jason.gonder@ haynesboone.com

Werner A. Powers (*admitted pro hac vice*)
R. Thaddeus Behrens (CA SBN 196322)
**HAYNES AND BOONE, LLP**
2323 Victory Ave, Suite 700
Dallas, TX 75219
Tel: 214.651.5000
Fax: 214.200.0672
E-mail: werner.powers@haynesboone.com
thad.behrens@haynesboone.com

Attorneys for Defendants
HIGHLAND CAPITAL MANAGEMENT, L.P.
HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P.
HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P.
NEXBANK, SSB

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL R. DANZI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership; HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., | **Case No. SA CV 09-0039 CJC (RNBx)**<br><br>**DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

| | |
|---|---|
| a Bermuda limited partnership; NEXBANK, SSB, a Texas chartered savings bank,<br>Defendants. | |
| NEXBANK, SSB, a Texas chartered savings bank,<br>Counterclaimant,<br>v.<br>MICHAEL R. DANZI, an individual,<br>Counterdefendant. | |
| HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., a Bermuda limited partnership,<br>Counterclaimants,<br>v.<br>MICHAEL R. DANZI, an individual,<br>Counterdefendant. | |

Defendant Highland Capital Management, L.P. ("Highland Capital" or "Defendant") files this its Answer to Plaintiff's Complaint, and would show as follows:

**I.**

**ANSWER**

**ANSWERING SECTION TITLED "THE PARTIES"**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and, therefore, denies the allegations.

2. Defendant admits that it is a limited partnership organized and existing under the laws of the state of Delaware; admits that its principal place of business is in Dallas, Texas; otherwise denied.

3. Defendant admits that Highland Crusader Offshore Partners, L.P. ("Crusader") is a Bermuda limited partnership; admits that Crusader's principal place of business is in Dallas, Texas; otherwise denied.

4. Defendant admits that Highland Credit Strategies Master Fund, L.P. ("Credit Strategies") is a Bermuda limited partnership; admits that Credit Strategies' principal place of business is in Dallas, Texas; otherwise denied.

5. Defendant admits that NexBank, SSB ("NexBank") is a savings bank chartered under the laws of the State of Texas; admits that NexBank's principal place of business is in Dallas, Texas; otherwise denied.

6. No response is required to the allegations in paragraph 6, which purport to state conclusions of law. To the extent a response is required, Defendant denies the allegations in paragraph 6.

**ANSWERING SECTION TITLED "JURISDICTION AND VENUE"**

7. Paragraph 7 asserts legal conclusions; therefore, Defendant is not required to admit or deny. To the extent Defendant is required to respond,

Defendant admits the citizenship of Defendants as stated, and denies the remaining allegations in paragraph 7.

8. Paragraph 8 asserts legal conclusions; therefore, Defendant is not required to admit or deny. To the extent Defendant is required to respond, Defendant denies the allegations set forth in Paragraph 8.

## ANSWERING SECTION TITLED "GENERAL ALLEGATIONS"

9. Defendant admits that Crusader, Credit Strategies, and Plaintiff entered into a Limited Liability Company Operating Agreement ("Operating Agreement") of Legacy Pharmaceuticals International, LLC ("Legacy LLC") for the purpose of forming Legacy LLC; admits that Legacy Pharmaceuticals International, LLC owns a variety of subsidiary companies, including Legacy Pharmaceuticals U.S., Inc; admits that Legacy Pharmaceuticals U.S., Inc. maintains an office in Orange County, California; and denies the remaining allegations in paragraph 9.

10. Defendant admits that Legacy LLC was formed in connection with the acquisition of the businesses and assets of manufacturing plants owned by Valeant Pharmaceuticals International, Inc.; admits that the acquisition was consummated through Legacy LLC's wholly-owned subsidiaries, Legacy Pharmaceuticals International GmbH ("Legacy GmbH") and Solco Pharmaecuticals Switzerland GmbH ("Solco GmbH"); and denies the remaining allegations in paragraph 10.

11. Defendant admits that Crusader, Credit Strategies, and Plaintiff are Members of Legacy LLC; states that Article I and Article II of Legacy LLC's Operating Agreement reflect such; and denies the remaining allegations of paragraph 11.

12. Defendant admits that Crusader and Credit Strategies entered into the Legacy LLC Operating Agreement with Plaintiff; respectfully refers Plaintiff and the Court to the Operating Agreement for a full and complete recitation of its terms; and denies the remaining allegations of paragraph 12.

13. Defendant admits that on or about June 22, 2007, a Credit Agreement ("Credit Agreement") was entered into between (1) Legacy GmbH, as borrower, (2) Legacy LLC, as one of several guarantors, (3) The Foothill Group, Inc., as a Lender (together with other lenders who might be parties to the Credit Agreement from time to time, the "Lenders"), (4) Highland Financial Corp., as lead arranger of the Lenders, and (5) NexBank, as administrative agent for the Lenders; respectfully refers the Plaintiff to the Credit Agreement for a full and complete recitation of its terms; and denies the remaining allegations in paragraph 13.

14. Defendant admits that the Credit Agreement was entered into by and between the parties identified in paragraph 13; respectfully refers the Plaintiff to the Credit Agreement for a full and complete recitation of its terms; and denies the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Defendant admits that Plaintiff sent correspondence to representatives of Crusader and Credit Strategies on September 7, 2008; respectfully refers the Plaintiff to that e-mail for a full and complete recitation of its contents; and denies the remaining allegations in paragraph 17.

18. Denied.

19. Defendant is without sufficient information to admit or deny the allegations in paragraph 19, and on that basis, the allegations are denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant admits that NexBank sent an e-mail to a representative of Legacy LLC on October 24, 2008; respectfully refers Plaintiff to the e-mail for a full

and complete recitation of its contents; and denies the remaining allegations in paragraph 23.

24. Denied.

25. Defendant admits that on November 21, 2008, NexBank sent a letter to representatives of Legacy LLC; respectfully refers Plaintiff to the letter itself for a complete and accurate recitation of its contents; and denies the remaining allegations in paragraph 25.

26. Denied.

**ANSWERING SECTION TITLED "FIRST CLAIM FOR RELIEF"**

**(Breach of Fiduciary Duty Against Defendants Crusader and Credit Strategies)**

27. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**ANSWERING SECTION TITLED "SECOND CLAIM FOR RELIEF"**

**(Aiding And Abetting Breach of Fiduciary Duty Against Defendant Highland Capital)**

34. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**ANSWERING SECTION TITLED "THIRD CLAIM FOR RELIEF"**

**(Aiding and Abetting Breach of Fiduciary Duty Against Defendant NexBank)**

40. Defendant repeats and realleges its foregoing responses to the foregoing allegations herein as if fully set forth at length.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**DEFENSES**

Defendant denies each and every allegation in Plaintiff's Complaint not expressly admitted herein. Defendant alleges the following defenses with respect to the claims alleged in Plaintiff's Complaint without assuming the burden of proof where the burden of proof rests on Plaintiff:

**First Defense**

The Complaint fails to state a claim for which relief can be granted.

**Second Defense**

The Court lacks or may lack personal jurisdiction over these defendants.

**Third Defense**

Venue does not properly lie in this Court.

**Fourth Defense**

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of comparable fault.

**Fifth Defense**

Plaintiff's claims are or may be barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

**Sixth Defense**

Plaintiff has no standing to bring this action because his claims are derivative in nature.

**Seventh Defense**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or ratification.

**Eighth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Ninth Defense**

Plaintiff's claimed injuries or damages, if any, were not caused, enhanced, or increased as a result of any act or failure to act on the part of Defendant.

**Tenth Defense**

Defendant reserves the right to amend this Answer to specifically plead any additional matters constituting an avoidance or affirmative defense which discovery in this matter may later show to be applicable.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B. That Defendant be awarded its costs and attorney's fees incurred in defending this action; and

C. That Defendant receives such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

DATED: March 17, 2009

Haynes and Boone, LLP

By /s/ R. Thaddeus Behrens
R. Thaddeus Behrens

Attorneys for DEFENDANTS HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., AND NEXBANK, SSB