RONALD RUS, #67369
rrus@rusmiliband.com
JOEL S. MILIBAND, #77438
jmiliband@rusmiliband.com
LEO J. PRESIADO, #166721
lpresiado@rusmiliband.com
M. PETER CRINELLA, #145157
pcrinella@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

Attorneys for Plaintiff
MICHAEL R. DANZI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL R. DANZI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership; HIGHLAND CRUSADER PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., a Bermuda limited partnership; NEXBANK, SSB, a Texas chartered savings bank,<br><br>Defendants.<br><br>―――――――――――――――<br>NEXBANK, SSB, a Texas chartered savings bank,<br><br>Counterclaimant, | CASE NO. SA CV 09-0039 CJC (RNBx)<br><br>**ANSWER TO COUNTERCLAIM FILED BY NEXBANK, SSB**<br><br>DEMAND FOR JURY TRIAL<br><br>Judge: Honorable Cormac J. Carney |

363768v1 jm 3/26/09 (2827-0001)1 1 (2827-0001)

| | |
|---|---|
| v. | ) |
| MICHAEL R. DANZI, an individual, | ) |
| Counterdefendant. | ) |
| HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., a Bermuda limited partnership, | ) |
| Counterclaimants, | ) |
| v. | ) |
| MICHAEL R. DANZI, an individual, | ) |
| Counterdefendant. | ) |

Plaintiff and Counterdefendant Michael R. Danzi ("Plaintiff") for his answer to the Counterclaim filed by Defendant and Counterclaimant NexBank, SSB ("NexBank"), admits, denies and alleges as follows:

## ANSWER

### I. THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and, therefore, denies the allegations.

2. Plaintiff admits that he is an individual residing in the County of Orange, State of California.

3. Admit.

### II. GENERAL ALLEGATIONS

4. Admit.

5. Admit.

/ / /

6. Plaintiff admits that he executed the document attached as Exhibit "2." Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Counterclaim and on that basis denies the remaining allegations contained therein.

7. Plaintiff admits that NexBank sent a letter dated January 8, 2009. Plaintiff denies that any "Events of Default" (as defined in the Credit Agreement) have occurred. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Counterclaim and on that basis denies the remaining allegations contained therein.

8. Plaintiff admits NexBank filed a lawsuit in Texas. Plaintiff denies that any "Events of Default" (as defined in the Credit Agreement) have occurred. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Counterclaim and on that basis denies the remaining allegations contained therein.

9. Plaintiff admits that NexBank sent a letter dated February 20, 2009, and that NexBank filed the Texas lawsuit. Plaintiff denies that any "Events of Default" (as defined in the Credit Agreement) have occurred. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Counterclaim and on that basis denies the remaining allegations contained therein.

10. Plaintiff admits that Defendants in the Texas lawsuit filed a Plea in Abatement. Except as expressly admitted above, Plaintiff denies generally and specifically the allegations contained in paragraph 10 of the Counterclaim.

11. Admit.

12. Plaintiff admits that the Court determined that it had jurisdiction over this matter and that Exhibit "7" is a copy of the Court's Order denying his Emergency Application for a Temporary Restraining Order. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Counterclaim and on that basis denies the remaining allegations contained therein.

## CAUSE OF ACTION
## (All Writs Act, 28 U.S.C. § 1651)

13. Plaintiff incorporates by reference his responses as set forth in paragraphs 1 through 12 above, as though set forth herein in full.

14. Plaintiff admits that the Court has determined that it has jurisdiction over this matter and denied his Emergency Application for a Temporary Restraining Order. Plaintiff denies that he seeks to interfere with, and frustrate, the exercise of jurisdiction of this Court and further denies that he sought identical relief denied by this Court in the Texas Lawsuit. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Counterclaim and on that basis denies the remaining allegations contained therein.

15. Denied.

16. Plaintiff admits that the Court has determined that it has jurisdiction over this matter and denied his Emergency Application for a Temporary Restraining Order. Except as expressly admitted above, Plaintiff denies generally and specifically the allegations contained in paragraph 16 of the Counterclaim.

/ / /
/ / /
/ / /
/ / /

## FOR HIS AFFIRMATIVE DEFENSES, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. NexBank's Counterclaim fails to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

18. NexBank's Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

19. NexBank's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

### FORTH AFFIRMATIVE DEFENSE

20. NexBank's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

21. NexBank's Counterclaim is barred, in whole or in part, by virtue of the fact that NexBank has not been, and will not be, harmed by the conduct alleged in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE

22. NexBank's Counterclaim is barred, in whole or in part, by virtue of the fact that the claim asserted therein is moot in that NexBank has already performed the act (i.e., sale of Plaintiff's interest in Legacy Pharmaceuticals International, LLC) that Plaintiff allegedly sought to enjoin.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That NexBank take nothing by its Counterclaim;

B. That Plaintiff be awarded his costs of suit;

1        C.    That Plaintiff have such other, further and different relief as
2 this Court deems just and proper.

4 DATED: March 26, 2009

RUS, MILIBAND & SMITH
A Professional Corporation

By: _____
     RONALD RUS
     Attorneys for Plaintiff
     MICHAEL R. DANZI

# **PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2211 Michelson Drive, Seventh Floor, Irvine, California 92612.

On **March 26, 2009**, I served the foregoing document(s) described as **ANSWER TO COUNTERCLAIM FILED BY NEXBANK, SSB** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

___ (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (By Facsimile) As follows: I caused the above-referenced document(s) to be transmitted to the above-named persons.

___ (By Overnight Mail) As follows: I caused the above-referenced document(s) to be delivered to the above-named persons by overnight delivery service, morning delivery.

___ (By Personal Service) As follows: By hand to the office of the addressee noted on the attached service list.

___ (By Electronic Transmission (E-Mail)) I e-mailed the above-referenced document(s) as indicated in the parties listed above.

✓ (By CM/ECF) to registered ECF Users pursuant to General Order 07-08.

Executed on **March 26, 2009**, at Irvine, California.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_/s/ Jeannie Mendez_
JEANNIE MENDEZ

359596v1 jm 2/13/09 3 (2827-0001)

## SERVICE LIST

Tom Chen, Esq.
Haynes and Boone, LLP
18200 Von Karman, Suite 725
Irvine, CA 92612
Telephone: (949) 752-7040
Facsimile: (949) 752-7049
Email: tchen@haynesboone.com

Clark S. Stone, Esq.
Jason M. Gonder, Esq.
Haynes and Boone, LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110
Telephone: (408) 392-9250
Facsimile: (408) 392-9262
Email: cstone@haynesboone.com

Werner A. Powers, Esq.
R. Thaddeus Behrens, Esq.
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0672
Email: werner.powers@haynesboone.com