UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)                                  Date: April 1, 2009

Title: <u>MICHAEL R. DANZI v. HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CRUSADER PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES, L.P., & NEXBANK SSB</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                        <u>    N/A    </u>
Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                           None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF TEXAS**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for April 6, 2009 at 1:30 p.m. is hereby vacated and off calendar.

**BACKGROUND**

Plaintiff Michael Danzi filed suit in this Court alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty, against his business partners and financiers Highland Capital Management, Highland Crusader Offshore Partners, Highland Credit Strategies (collectively "Highland"), and NexBank (collectively "Defendants"). The case arises from Mr. Danzi and Highland's joint pharmaceutical manufacturing venture Legacy Pharmaceuticals International, LLC (the "Legacy Parent"), the parent company of Legacy Pharmaceuticals International Gmbh (the "Legacy Subsidiary") (collectively "Legacy"), and Highland's funding of Legacy through NexBank. (Compl. ¶ 9.) Mr. Danzi and Legacy's Chief Financial Officer work in the Orange County Office. Highland's principal place of business is in Texas. (Compl. ¶ 7.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                                Date: April 1, 2009
                                                                                                Page 2

---

NexBank is a Texas-chartered savings bank with a principal place of business in Texas. (*Id.*) NexBank is owned and controlled by Highland.

      Mr. Danzi formed the Legacy Parent with Highland for the purpose of purchasing pharmaceutical manufacturing facilities in Switzerland. This agreement and others at issue were negotiated and executed in Texas. (Decl. of R. Thaddeus Behrens ("Behrens Decl.") Ex. 3 at 13.) The credit agreement designates Texas law as their governing authority. (Behrens Decl., Ex. 2 § 9.15.) To effectuate this purchase and to provide capital for Legacy's continued operation, Legacy entered into a credit agreement with Highland and NexBank to borrow up to $43 million. (Compl. ¶ 13.) This money was initially deposited into Legacy's bank account in Orange County. In June, 2008 Legacy sold a building in Switzerland for $2.3 million. (Compl. ¶ 15.) Legacy, led by Mr. Danzi, notified NexBank that it planned to use the $2.3 million in proceeds from the sale of the building to purchase the rights for generic pharmaceuticals from another company. (Compl. ¶ 19.) Instead, NexBank instructed Legacy to send the $2.3 million to NexBank to pre-pay the loan under the credit agreement. (Compl. ¶ 23.) Mr. Danzi alleges that Highland instructed NexBank to make this demand. (Compl. ¶ 26.) Based on these alleged facts, Mr. Danzi asserted claims against Highland and NexBank for breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.

      Mr. Danzi previously moved this Court for a temporary restraining order to enjoin the sale of his interest in Legacy by Highland in a foreclosure sale. While the Court was considering his application for a temporary restraining order, Mr. Danzi applied for, and received, a similar restraining order from a state court in Texas. Additionally, there is a similar case pending in the Northern District of Texas between Legacy and Highland.[1] In light of these facts, the Court issued an Order to Show Cause why this case should not be transferred to the Northern District of Texas. The Court now TRANSFERS this case to the Northern District of Texas.

**ANALYSIS**

      "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[1] Highland now states it is voluntarily dismissing the Northern District of Texas case because it is moot in light of the fact that Highland foreclosed upon Mr. Danzi's share of Legacy, and has since installed its own management.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-00039-CJC(RNBx)                                         Date: April 1, 2009
                                                                                                          Page 3

---

been brought." 28 U.S.C. § 1404(a).  Two findings are required to for proper transfer: (1) that the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses, and the interest of justice favor transfer. *Hatch v. Reliance Insurance Co.*, 758 F.2d 408, 414 (9th Cir. 1985).  District courts have discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration.  *Jones v. GNC Franchising Co.*, 211 F.3d 495, 498 (9th Cir. 2000).

The first question is whether this case "might have been brought" in the Northern District of Texas. That question requires a determination whether a district court in the Northern District of Texas would have subject matter jurisdiction over this case and personal jurisdiction over Defendants, and whether that district would have been a proper venue.  Mr. Danzi has not submitted any argument that the Northern District of Texas lacks jurisdiction over this matter or that it would be an improper venue.  The first requirement, subject matter jurisdiction, is satisfied because there is diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Mr. Danzi is a citizen of California.  None of the Defendants are California citizens.  The amount in controversy is over $75,000.  Therefore, subject matter jurisdiction in the federal courts arises from diversity.

The Northern District of Texas also has personal jurisdiction over all of the parties.  Personal jurisdiction may be based on either general or specific jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  A finding of general jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (*citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)), and consequently requires a showing of "continuous and systematic general business contacts ... that 'approximate physical presence' in the forum state." *Id.* (*citing Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed. 2d404 (1984); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).  If a defendant is domiciled in the forum state, or its activities there are substantial, continuous and systematic, a federal court can exercise general jurisdiction over that defendant as to any cause of action — even if unrelated to defendant's activities within the forum state.  *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-47 (1952).  Highland and NexBank are Texas residents, subject to general jurisdiction in the Northern District of Texas.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)   Date: April 1, 2009
                                                                        Page 4

---

      The Northern District of Texas is also a proper venue for this case. Venue is determined entirely by statute. *See Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 709 (1972). Venue is proper in:

    1) a judicial district where any defendant resides, if all defendants reside in the same State,

    2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

    3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Here, Defendants are Texas residents, and a substantial portion of the events giving rise to this dispute occurred in Texas, including the initial negotiation and execution of the Legacy credit agreement and the decision to order repayment of the loan. This satisfies §§ 1319(a)1-2. The Northern District of Texas is a proper venue.

      The Court must next determine whether transfer would promote "the convenience of parties and witnesses" and "the interest of justice." In applying that standard, courts consider various factors, including (1) the location where the relevant agreements were negotiated and executed, (2) the state that is the most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof, and (9) the relevant public policy of the forum state. *Jones*, 211 F.3d at 498-99.

      Considering the factors, the Court finds that a transfer is appropriate for the convenience of witnesses and in the interests of justice. The agreements at the heart of this dispute were negotiated and executed in Texas. Delaware law governs the Legacy Operating Agreement, which favors neither California nor Texas. The credit agreement contains a choice of law provision indicating that Texas law would govern disputes under the agreement, making it likely that Texas law will be used to adjudicate this matter. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-00039-CJC(RNBx)            Date: April 1, 2009
           Page 5

Court in the Northern District of Texas is far more familiar with Texas law than the Central District of California. While Mr. Danzi's choice of forum would normally weigh heavily against transfer, he has sought duplicate relief in this matter in state court in Texas, showing that he is more than amenable to prosecuting his claims there, and further diminishing California's interest in this dispute. Mr. Danzi, Highland and NexBank have significant contacts with Texas, given their close business relationships. Litigation costs in Texas are likely similar to those in California, if not slightly less expensive. Process is available in Texas. As far as the availability of access to sources of proof, it is true that records and witnesses related to the case reside in California. However, significant records and several witnesses also reside in Texas. Finally, the Court has been presented with no evidence related to Texas public policy that would have any effect on its determination.

     Mr. Danzi does not put forward any argument that this case could not have been brought in Texas or that litigating in Texas is adverse to the interests of justice. Instead, he relies on the Court's prior determination that Mr. Danzi could exercise personal jurisdiction over Defendants in California. Since the Court made that determination, Mr. Danzi has sought identical relief in Texas state court, signaling that he is amenable to litigating there. This dispute has a greater connection to Texas than California. While Mr. Danzi resides in California, neither Legacy nor any of the Defendants are registered to do business here. California has minimal interest in adjudicating this matter.

**CONCLUSION**

     For the foregoing reasons, the Court TRANSFERS this case to the Northern District of Texas.


jls
MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk MU