UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL R. DANZI, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P., a Delaware limited partnership; HIGHLAND CRUSADER PARTNERS, L.P., a Bermuda limited partnership; HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., a Bermuda limited partnership; NEXBANK, SSB, a Texas chartered savings bank, | ) ) ) ) ) ) ) ) ) ) CASE NO. CV 3:09-00636-M<br><br>Judge:  Honorable Barbara M. G. Lynn |
| Defendants. | ) |
| | ) |
| AND RELATED COUNTERCLAIMS | ) |

## REPORT REGARDING RESULTS OF SCHEDULING CONFERENCE

Plaintiff and Counterdefendant Michael R. Danzi ("Danzi"), Defendant Highland Capital Management, L.P. ("Highland Management"), and Defendants and Counterclaimants Highland Crusader Offshore Partners, L.P. ("Highland Crusader"), Highland Credit Strategies Master Fund, L.P. ("Highland Credit Strategies") and NexBank, SSB ("NexBank"), by and through their respective attorneys of record, submit the following report.  This report is submitted pursuant to this Court's order of August 7, 2009, and after a Scheduling Conference held on September 3, 2009.  Danzi, Highland Management, Highland Crusader, Highland Credit Strategies and NexBank are referred to herein collectively as the "Parties" and individually as a "Party."

**REPORT REGARDING RESULTS OF SCHEDULING CONFERENCE**                                              Page 1

Unless otherwise specified below, all of the agreed, proposed dates set forth herein assume a trial date of **January 31, 2011** and a cut-off date of **July 15, 2010** for fact discovery.

1.  Summary Of Claims And Defenses

    A.  Plaintiff's Claims

On June 22, 2007, Danzi and Highland Crusader and Highland Credit Strategies formed Legacy Pharmaceuticals International, LLC ("Legacy") in connection with the acquisition of two separate pharmaceutical manufacturing plants from Valeant Pharmaceuticals International. The acquisition was consummated through Legacy's wholly-owned operating company, Legacy Pharmaceuticals International GmbH ("Legacy GmbH"), and its wholly-owed subsidiary Solco Pharmaceuticals Switzerland GmbH.

At all relevant times, Danzi held an approximate 45% member interest in Legacy and was a manager of Legacy, as well as its President and Chief Executive Officer. Danzi was also a member of the board of directors of Legacy GmbH, and served as its President and Chief Executive Officer.

Also on June 22, 2007, Legacy, Legacy GmbH, and Highland Financial Corporation ("Highland Financial") (an affiliate of the Highland Defendants) entered into a Credit Agreement with NexBank (which is owned by the principals of Highland Capital). Pursuant to the Credit Agreement, Highland Financial obligated itself as lender to extend certain credit facilities to the borrower, Legacy GmbH, in the aggregate amount not to exceed $43 million, consisting of term loans aggregating $38 million and up to $5 million of revolving commitments. At all relevant times, NexBank was the administrative agent under the Credit Agreement.

Thereafter, the obligation to fund the revolving credit line in the aggregate amount of $5 million was acquired by Highland Crusader and Highland Credit Strategies as lenders as to the $2.5 million each.

In the Complaint, Danzi alleges that Highland Crusader, Highland Credit Strategies, aided and abetted by Highland Capital and NexBank, breached their fiduciary duties to Danzi by, among other acts, instructing NexBank, as administrator of the credit facility, to repudiate the obligations under the Credit Agreement to allow Legacy GmbH to draw down on the $5 million revolving credit line (which had become the obligation of Highland Crusader and Highland Credit Strategies), as well as by instructing NexBank to wrongfully demand the application of certain proceeds of a sale of real property by Legacy GmbH to pay down the credit facility.

As a result of the wrongful conduct of Defendants as described above, Danzi has suffered damages in an amount in excess of $75,000, with the exact amount according to proof at trial. In addition, Danzi seeks an award of punitive damages against Defendants.

B.     Summary Of Defenses and Counterclaims

Defendants Highland Capital, Highland Crusader, Highland Credit Strategies, and NexBank deny Plaintiff Danzi's claims that Highland Crusader and Highland Credit Strategies breached fiduciary duties allegedly owed to Danzi or aided and abetted the breach of a fiduciary duty allegedly owed to Danzi. Specifically, Defendants claim that Danzi's Complaint fails to state a claim for which relief can be granted and that Danzi's claims are barred by: (1) comparative fault; (2) failure to mitigate damages; (3) lack of standing; (4) waiver; (5) estoppel; (6) ratification; (7) unclean hands; and (8) were not caused by any of Defendants' acts.

Additionally, Defendants Highland Crusader and Highland Credit Strategies claim that Danzi breached the Operating Agreement that formed Legacy. On or about June 22, 2007, Danzi formed Legacy with Highland Crusader and Highland Credit Strategies—with Danzi receiving a 45% interest, Highland Crusader and Highland Credit Strategies each receiving a 22.5% interest, and various other entities receiving a combined 10% interest. In addition to being one of two Managers of Legacy, Danzi was Legacy's Chief Executive Officer and maintained day-to-day

control over Legacy. Pursuant to the Operating Agreement, Danzi was under a fiduciary duty to conduct the affairs of Legacy in the best interests of Legacy and its Members.

Danzi breached the Operating Agreement when he wrongfully misappropriated Legacy assets for his own personal use because all of Danzi's performance based compensation, including annual bonuses and management fees, were obtained based on false statements of Legacy's financial results. Additionally, Danzi breached the Operating Agreement by using Legacy funds to pay personal expenses and bankroll exorbitant, unjustified business expenses. Furthermore, Danzi wrongfully used the funds of a Legacy subsidiary to advance his own personal legal expenses notwithstanding that no indemnification agreement existed allowing him to do so. Lastly, Danzi grossly mismanaged Legacy by consistently failing to meet projections and taking unilateral actions without the contractually required approval of the other Manager.

Defendant NexBank also filed a counterclaim against Danzi. Danzi filed an Emergency Application for a Temporary Restraining Order in the California court seeking to enjoin the scheduled foreclosure sale by NexBank of Danzi's pledged shares in Legacy. After a hearing on Danzi's Application, the California court issued an order denying the relief sought. Shortly after the court issued its order, Danzi filed an Application for a Temporary Restraining Order in a Texas state court action seeking the exact same relief just denied by the California court. As a result, NexBank filed a single counterclaim under the All Writs Act, which asked the California court to enforce its prior order. NexBank's counterclaim is now moot because the foreclosure sale has taken place.

2. <u>Joinder Of Other Parties</u>

The Parties agree that **February 2, 2010** should be the last day for a Party to file a motion seeking to join other parties. The Parties will follow the Federal Rules of Civil Procedure for Response and Reply deadlines.

<u>**REPORT REGARDING RESULTS OF SCHEDULING CONFERENCE**</u>                                                Page 4

3. <u>Amendment Of The Pleadings</u>

The Parties agree that **March 18, 2010** (or no earlier than 120 days before the discovery cut-off date) should be the last day for a Party to file a motion or otherwise seek to amend his/its pleadings.

4. <u>Motion Cutoff Date</u>

The Parties agree that **November 1, 2010** (or no earlier than 90 days before the trial date) should be the last day for a Party to file any motion not otherwise covered in this report, including any dispositive motions.

5. <u>Initial Designation Of Experts And Exchange Of Expert Reports</u>

The Parties agree that **August 16, 2010** (or 30 days after the close of fact discovery), should be the date for the disclosure of any expert a Party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, if any, and exchange reports, pursuant to FRCP Rule 26(a)(2)(A) and (B).

6. <u>Designation Of Responsive Experts, Exchange Of Expert Rebuttal Reports</u>

The Parties agree that FRCP Rule 26(a)(2)(C)(ii) responsive expert reports, if any, should be exchanged by **September 15, 2010** (or 30 days after the Parties' initial designation of experts). The Parties further agree that expert depositions, if any, should be completed by **November 1, 2010** (or no later than 90 days before the trial date).

7. <u>Objection To Experts</u>

The Parties agree that any motion seeking to limit, exclude or otherwise object to the use of another Party's expert at trial should be filed and served by no later than **November 30, 2010** (or no later than 60 days before the trial date).

8. <u>Proposed Plan And Schedule For Discovery, The Subjects Upon Which Discovery May Be Needed And Whether Discovery Should Be Conducted In Phases</u>

The Parties agree that any factual discovery should be completed by **July 15, 2010** (or no later than 6 months before the trial date), such that all responses to written discovery requests are due on or before July 15, 2010, and all depositions, other than expert depositions, must be completed on or before July 15, 2010.

The topics to be covered in discovery will be the factual basis for the Parties' claims and defenses as discussed in more detail in Item No. 1. The Parties contemplate conducting written discovery and depositions as provided for under the Federal Rules of Civil Procedure. The Parties do not believe that a specific discovery plan or schedule is necessary or appropriate at this time.

9. <u>What Changes Should Be Made In The Limitations On Discovery Imposed By The Federal Or Local Rules</u>

The Parties are not proposing any changes to the limitations on discovery imposed by the applicable rules at this time, but reserve the right to seek such relief should the need arise.

10. <u>Issues Relating To Disclosure Or Discovery Of Electronically Stored Information, Including The Form, Or Forms, In Which It Should Be Produced</u>

At this time, the Parties are not aware of any unique issues with respect to electronically stored information and will conduct discovery of electronically stored information in accordance with the Federal Rules of Civil Procedure. The Parties agree to "meet and confer" as to the form or forms in which electronically stored information should be produced.

11. <u>Issues About Handling And Protection Of Privilege And Trial Preparation Materials</u>

The Parties do not have any proposals regarding the handling and protection of privileged or trial preparation materials that should be reflected in a Court Order at this time.

12. <u>Proposed Trial Date, Time Estimate, And Jury Demand</u>

The Parties propose a trial date of **January 31, 2011**. The Parties have a dispute concerning whether there is a right to a jury trial in this case. Defendants will shortly file a motion to strike jury demand in order to ripen the issue. Danzi estimates that the trial of this action will take approximately five (5) days. The remaining Parties have no estimate of the number of days required for trial at this time.

13. <u>Settlement Efforts</u>

The Parties believe that settlement is possible, but no settlement discussions have taken place and none are scheduled. The Parties agree that a settlement conference or mediation should be scheduled upon completion of fact discovery on July 15, 2010.

14. <u>Proposed Changes In Timing, Form, Or Requirements For Disclosures Under Rule 26(a)</u>

The Parties do not propose any changes in the form or requirements for disclosures under Rule 26(a). At the request of Defendants, the Parties have agreed to exchange the disclosures described in Federal Rule of Civil Procedure 26(a)(1) on **October 5, 2009**.

15. <u>Trial By Magistrate Judge</u>

The Parties will not consent to the trial in this matter being conducted by U.S. Magistrate Judge Wm. F. Sanderson, Jr. at this time.

16. <u>Arbitration Or Mediation Of Claims</u>

The Parties are not considering arbitration to resolve this action. The Parties believe that settlement is possible, but no settlement discussions have taken place and none are scheduled. The Parties do not believe that a settlement conference or mediation should be scheduled until **after July 15, 2010**, the proposed date to complete non-expert discovery. The Parties are discussing potential mediators to facilitate settlement efforts.

17. <u>Other Proposals Regarding Scheduling And Discovery That Would Facilitate Trial Preparation</u>

At this time, the Parties are not aware of any other proposals regarding scheduling and discovery that they believe would facilitate expeditious or orderly preparation for trial.

18. <u>Request For Conference With The Court</u>

The Parties do not request a conference with the Court at this time.

19. <u>Other Orders That Should Be Entered Under Rule 16(b) and (c) or Rule 26(c)</u>

The Parties are not aware of any other Orders that should be entered under Rules 16(b) and (c) or Rule 26(c).

DATED: September 18, 2009        By:    /s/ D. Ronald Reneker
                                        D. Ronald Reneker
                                        Texas State Bar No. 16770000
                                        rreneker@munsch.com

                                        MUNSCH HARDT KOPF & HARR, P.C.
                                        3800 Lincoln Plaza
                                        500 N. Akard Street
                                        Dallas, Texas  75201-6659
                                        Telephone:    (214) 855-7564
                                        Facsimile:    (214) 978-4384

                                        In association with:

                                        Ronald Rus
                                        California Bar No. 67369
                                        (Admitted *pro hac vice*)
                                        rrus@rusmiliband.com
                                        Joel S. Miliband
                                        California Bar No. 77438
                                        (Admitted *pro hac vice*)
                                        jmiliband@rusmiliband.com

                                        RUS, MILIBAND & SMITH
                                        A Professional Corporation
                                        Seventh Floor
                                        2211 Michelson Drive
                                        Irvine, California  92612
                                        Telephone:    (949) 752-7100
                                        Facsimile:    (949) 252-1514

                                        ATTORNEYS FOR PLAINTIFF AND
                                        COUNTERDEFENDANT
                                        MICHAEL R. DANZI

DATED:  September 18, 2009        By:    /s/ Werner A. Powers
                                         Werner A. Powers
                                         Texas State Bar No. 16218800
                                         werner.powers@haynesboone.com
                                         R. Thaddeus Behrens
                                         State Bar No. 24029440
                                         thad.behrens@haynesboone.com
                                         Lacy M. Lawrence
                                         Texas State Bar No. 24055913
                                         lacy.lawrence@haynesboone.com
                                         Scott M. Ewing
                                         Texas State Bar No. 24065214
                                         scott.ewing@haynesboone.com

                                         HAYNES AND BOONE, LLP
                                         2323 Victory Avenue, Suite 700
                                         Dallas, Texas  75219
                                         Telephone:     (214) 651-5000
                                         Facsimile:     (214) 651-5940

                                         ATTORNEYS FOR DEFENDANTS AND
                                         COUNTERCLAIMANTS
                                         HIGHLAND CAPITAL MANAGEMENT,
                                         L.P., HIGHLAND CRUSADER
                                         PARTNERS, L.P., HIGHLAND CREDIT
                                         STRATEGIES, L.P., AND NEXBANK,
                                         SSB

## **CERTIFICATE OF SERVICE**

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on the 18th day of September, 2009.

                                  By:    /s/ Lacy M. Lawrence
                                         Lacy M. Lawrence